1  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 090058)
2  ssaltzman@marlinsaltzman.com
   David C. Leimbach, Esq. (SBN 265409)
3  dleimbach@marlinsaltzman.com
   29229 Canwood Street, Suite 208
4  Agoura Hills, California 91301
   Phone: (818) 991-8080 | Fax: (818) 991-8081
5  ssaltzman@marlinsaltzman.com
   dleimbach@marlinsaltzman.com
6
7  Attorneys for Plaintiff Alexandra Bernal, individually and
   on behalf of all others similarly situated
8
9              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF CALIFORNIA**
10                   **SACRAMENTO DIVISION**

11  ALEXANDRA BERNAL, individually and on      Case No.
    behalf of all others similarly situated,
12                                             **CLASS ACTION**
13              Plaintiffs,                    **COMPLAINT**
14  v.                                         1) Failure to Pay Reporting Time Pay (8 CCR
                                                  § 11070(5); Labor Code § 558) (On Call
15  ZUMIEZ, INC., and DOES 1 through 10,          Shifts);
    inclusive,                                 2) Failure to Pay Minimum Wage (Labor Code
16                                                §§ 1182.11, 1182.12, 1194, 1194.2, 1197,
                                                  Wage Order);
17              Defendants.                    3) Failure to Maintain Required Business
                                                  Records (Labor Code §§ 1174, 1174.5;
18                                                Wage Order);
                                               4) Failure to Provide Accurate Itemized Wage
19                                                Statements (Labor Code §§ 226, 226.3;
                                                  Wage Order);
20                                             5) Failure to Pay All Wages Earned at
                                                  Termination (Labor Code §§200-203);
21                                             6) Failure to Reimburse Business Expenses
                                                  (Labor Code § 2802);
22                                             7) Unlawful Business Practices (Bus. & Prof
                                                  Code §§ 17200, et seq.);
23                                             8) Unfair Business Practices (Bus. & Prof
                                                  Code §§ 17200, et seq.);
24                                             9) Civil Penalties Under The Private Attorneys
                                                  General Act (Labor Code §§ 2698, et seq.)
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

COMES NOW, Plaintiff Alexandra Bernal ("Plaintiff"), individually and on behalf of all others similarly situated, complain and allege against Zumiez, Inc. ("Defendant") the following:

1.     Plaintiff brings this proposed class action on behalf of herself and all similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23, against Defendant for damages suffered as a result of Defendant's unlawful and unfair employment practices.

2.     Plaintiff and putative class members were or are employed by Defendant, and were denied minimum wage and reporting time compensation as required by governing wage orders and California law. Moreover, for those employees who no longer work for Defendant, Defendant failed to timely pay those employees all compensation due and owing upon termination or resignation. All of these claims result in additional derivative violations of the California Labor Code. Furthermore, Defendant's scheduling policies, practices and procedures are unlawful and unfair under California's Unfair Competition Law (the "UCL").

3.     As a result of Defendant's unlawful and unfair employment practices, Plaintiff seeks monetary and injunctive relief for themselves and the putative class.

**PARTIES**

4.     At all relevant times herein, Plaintiff was and is a resident and citizen of the State of California, City of Roseville. From September of 2014 until August of 2015, Plaintiff worked as a Sales Associate at a Zumiez retail store located at 1151 Galleria Boulevard, Roseville, California.

5.     Defendant Zumiez, Inc. is a corporation duly organized and existing under the laws of the State of Washington, with its principal place of business in Everett, Washington.

6.     Defendant suffered or permitted Plaintiff to work and/or exercised control over the wages, hours, or working conditions of Plaintiff and the proposed class members, as alleged herein. Defendant drafted and implemented the written policies and procedures applicable in each retail store described herein, including those policies concerning Call-In scheduling policies.

///

7.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOE defendants and for that reason, said defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believe, and based thereon allege, that each fictitious defendant is responsible in some way for the matters alleged herein and proximately caused and/or contributed the injuries referenced herein.

## JURISDICTION AND VENUE

8.      The United States District Court for the Eastern District of California, Sacramento Division, has jurisdiction over the claims alleged herein, which involve the laws and regulations of the State of California, including alleged violations of the California Labor Code, California Business and Professions Code, and Title 8 of the California Code of Regulations, under the Class Action Fairness Act. Specifically, there is minimal diversity between the parties, and Plaintiff's claims, on behalf of the putative class, exceed $5,000,000.00 in the aggregate.

9.      Venue is proper in this Court because Defendant regularly conducts business in Placer County, Plaintiff lives in Placer County, and the conduct alleged herein occurred within Placer County.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.      Defendant has established and maintained two scheduling policies that operate in a functionally identical manner. Both scheduling practices apply to Plaintiff and the putative class in the same manner. First, Defendant utilizes a traditional form of "Show-Up" scheduling, whereby Defendant's employees are scheduled to work, required to report for a scheduled work shift, and report for the scheduled work shift by physically showing up at one of Defendant's stores.

11.      Defendant has also established a "Call-In" scheduling policy. Call-In shifts are scheduled on days where an employee is not scheduled to work a Show-up shift, or are scheduled immediately after a Show-Up shift. Like Show-Up scheduling, Defendant's Call-In scheduling policy is mandatory, and requires employees to be available to work a scheduled shift.

1      12.     When an employee is scheduled for a Call-In shift on days when the employee is

2   not scheduled for a Show-Up shift, Defendant's employees are required to "call-in" and report for

3   work one hour before the start of the scheduled shift. In making this required phone call,

4   employees must wait for a manager to make a determination as to whether the employee must

5   physically show up, and completing the phone call takes anywhere from five to fifteen minutes.

6      13.     When an employee is scheduled for a Call-In shift immediately after a Show-Up

7   shift, the employee must wait until the end of the Show-Up shift to ask their manager if they will

8   be permitted to work the Call-In shift.  When employees report for these Call-In shifts, they do

9   so immediately before, or at the beginning of, the scheduled Call-In shift.

10      14.     Call-In shifts are mandatory, and Defendant treats Call-In shifts – both in terms of

11   mandated employee availability and discipline – the same as Show-Up shifts.  However, while

12   employees must treat all Call-In shifts as mandatory, Defendant frequently does not allow

13   employees to work a scheduled Call-In shift, thereby depriving the employee of the opportunity

14   to earn wages for the time they have made available to Defendant.  Indeed, even though Plaintiff

15   was scheduled to work Call-In shifts three to four times per week, Plaintiff was permitted to

16   work, at most, half of these shifts.

17      15.     Regardless of how many days and hours employees are *in fact* permitted to work,

18   employees are required to mold their lives around the possibility that they will work each and

19   every Call-In shift.

20      16.     Call-In shifts impose the same restrictions on an employee's personal autonomy as

21   Show-Up shifts. Employees are required to tailor their lives around mandatory Call-In shifts in

22   the same manner as a Show-Up shift.  Employees must make preparations for Call-In shifts that

23   are indistinguishable from the preparations required to report for a Show-Up shift.  As a result,

24   compliance with Defendants' Call-In policy imposes a global restriction on the employees' ability

25   to plan to use time in which they are scheduled to work for any other purpose, without

26   compensation.

27      17.     For example, employees must arrange child and elder care as though they will be

28   working each and every Call-In shift.  Employees cannot schedule shifts with other employers

1   when scheduled for Call-In shifts. Employees cannot plan to attend college courses, schedule
2   doctor's appointments, or make plans with friends and family when scheduled for Call-In shifts.
3   Such a scheduling practice also makes it nearly impossible for employees to navigate eligibility
4   requirements for government benefits such as health insurance, child care subsidies, food stamps
5   and housing assistance – all of which are typically based on income, and in the case of child care,
6   hours worked per week.

7       18.   Unless employees are permitted to work a Call-In shift, Defendant does not
8   compensate its employees for complying with the Call-In scheduling policy. Employees are not
9   compensated for the time they were required to make available to Defendant, and Defendant
10  does not compensate employees for the time it takes to complete the Call-In inquiry.

11      19.   Defendant's failure to compensate its employees for complying with the Call-In
12  policy is unlawful in several respects. When employees "call in" to report for work, they are
13  doing so under Defendant's control. This control requires employees engage in a specified
14  activity at a specified time, and prevents the employee from choosing how he or she will spend
15  that time. Because employees are not permitted to effectively use their time for their own
16  purposes when making the call-in inquiry, under California law, they are entitled to wages.

17      20.   The Call-In policy also results in widespread reporting time violations under
18  Section 5 of Industrial Welfare Commission Wage Order 7-2001, 8 CCR § 11070(5) ("Section
19  5"). Section 5(A) provides that "[e]ach workday an employee is *required to report for work and*
20  *does report*, but is not put to work or is furnished less than half said employee's usual or
21  scheduled day's work, the employee shall be paid for half the usual or scheduled day's
22  work . . . ." 8 CCR § 11070(5) (emphasis added).

23      21.   For Call-In shifts scheduled on days when no Show-Up shift is scheduled,
24  employees report for work by calling their manager one hour before the shift is scheduled to
25  begin. When employees make this call-in inquiry, they are doing so pursuant to mandatory
26  policy, and are presenting themselves as ready, willing, and able to work the scheduled shift.

27      22.   For Call-In shifts scheduled immediately after a Show-Up shift, employees are
28  already physically present at the store, and they report for work by presenting themselves to their

1   manager as ready, willing, and able to work the Call-In shift immediately before the Call-In shift
2   is scheduled to begin.

3                                   **CLASS ALLEGATIONS**

4          23.     Plaintiff seeks to represent a class (hereinafter "Class") of similarly situated
5   individuals, defined as follows:

6          All individuals employed by Zumiez, Inc., retail stores in the State of California
7          during the Class Period who were classified as "non-exempt" from overtime pay.
8   Additionally, Plaintiff seeks to represent a subclass consisting of:

9          All members of the foregoing Class whose employment with Defendant
10         terminated during the Class Period. (hereinafter referred to as the "Separated
11         Employee Subclass")

12         As used herein, the term "Class Period" means the time frame commencing four years
13  prior to the date the original complaint in this action was filed and continuing until the time that
14  judgment is entered in this case.

15         Excluded from the Class are Defendant, its owners, directors, officers, executives, and all
16  management personnel whose responsibility it was to maintain and/or enforce the policies,
17  procedures, customs and/or business practices complained of herein.

18         24.     **Numerosity:** The members of the Class are so numerous that joinder of all
19  members would be impractical, if not impossible. On information and belief, Plaintiff alleges the
20  proposed class numbers in the thousands.

21         25.     **Ascertainability**:    The identities of the members of the Class are readily
22  ascertainable by review of Defendant's records, including, but not limited to, payroll records,
23  timekeeping records, schedules, and other documents and other business records that Defendants
24  are required by law to maintain.

25         26.     **Commonality/Predominance**: There are predominant common questions of law
26  and fact and a coherent community of interest between Plaintiff and the claims of the Class,
27  concerning Defendant's treatment of them, including, but not limited to:

28  ///

                                              6

1
2
    a.  Whether Defendant lacked a written policy regarding the Reporting Time Pay required under the applicable Wage Order;

3
4
    b.  Whether Defendant maintained a custom and business practice of failing to pay Reporting Time Pay;

5
6
    c.  Whether Defendant failed to pay premium wages required by the Wage Order's Reporting Time Pay regulations;

7
    d.  Whether Defendant failed to record all time worked by class members;

8
    e.  Whether Defendant failed to pay for all time worked by class members;

9
10
    f.  Whether Defendant failed to pay all earned wages at the time of termination of employment of those included in the Separated Employee Subclass;

11
12
    g.  Whether Defendant failed to provide class members with accurate itemized pay statements;

13
14
    h.  Whether the Defendant's actions, as alleged herein, were unlawful and constitute unfair and/or unlawful business practices;

15   27.   **Typicality:**   Plaintiff's claims are typical of the claims of all members of the
16 Class.  Plaintiff, herself, has suffered and been damaged by the violations of the Labor Code,
17 Wage Order, and Bus. & Prof. Code alleged herein.

18   28.   **Adequacy of Representation:**   Plaintiff is fully prepared to take all necessary
19 steps to represent, fairly and adequately, the interests of the above-defined Class. Plaintiff's
20 attorneys are ready, willing, and able to fully and adequately represent the Class and individual
21 Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the
22 past and currently have a number of wage-and-hour class actions pending in the California state
23 and federal courts, as well as elsewhere in the United States.

24   29.   **Superiority:**   A class action is the superior means of litigating the Class' claims.
25 The claims set forth herein are based on Defendant's systemic treatment of the Class members
26 and, as such, the same body of evidence necessary to prove one claim would be accessed to
27 prove each Class member's claim.  Proof of Defendant's wrongdoing may be shown by a
28 common body of evidence. It is preferable, from an efficiency and case management standpoint,

1  that the claims of all of the Class members be litigated as a single litigation, rather than as
2  thousands of individual claims.

3  ### FIRST CAUSE OF ACTION

4  ## FOR FAILURE TO PAY REPORTING TIME PAY FOR

5  ## (CALL-IN SHIFTS)

6  ### (8 CCR § 11070(5); Labor Code § 558)

7      30.    Plaintiff hereby incorporates by reference the preceding paragraphs of this
8  complaint as though set forth in full at this point.

9      31.    The applicable Wage Order requires that on each workday that an employee
10 reports for work, as scheduled, but is not put to work or is furnished less than half of the
11 employee's usual or scheduled day's work, the employee shall be paid for half the usual or
12 scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at
13 the employee's regular rate of pay, which shall not be less than the minimum wage. The
14 applicable Wage Order denominates this as "Reporting Time Pay."

15     32.    For Call-In shifts, Defendant's employees are scheduled to work, required to
16 report for work, and do, in fact, report for work when scheduled. This occurs in one of two ways.
17 First, when employees are scheduled for a Call-In shift on days when the employee is not
18 scheduled for a Show-Up shift, the employee reports for work by calling their manager one hour
19 before the start of the shift to determine if they will be permitted to work the shift. Second, when
20 Call-In shifts are scheduled immediately after a Show-Up shift, employees who are already
21 present at the store report for work by waiting until the beginning of the Call-In shift to inquire
22 with their manger if they will be permitted to work the Call-In shift.

23     33.    Like show-up shifts, call-in shifts are mandatory and employees must tailor their
24 lives around the call-in schedule. Employees are operating under Defendant's control when
25 making the Call-In inquiry. Employees must be available to work a call-in shift, or face
26 discipline. Indeed, employees are instructed to treat Call-In shifts the same as Show-Up shifts.

27     34.    As a uniform practice, Defendant does not compensate its employees in any
28 manner when they report for a Call-In shift, but are not permitted to work the shift.

1    35.    Repeatedly over the course of their employment, on dates and occasions known
2 better to Defendant and as will be reflected in Defendant's business records, Plaintiff (and, on
3 information and belief, the proposed class members), have reported for work at their scheduled
4 start time, as required by Defendant, but have not been put to work or were furnished work for
5 less than half of their scheduled shifts.

6    36.    Defendant's failure to pay Plaintiff and proposed Class members pursuant to the
7 Wage Order is unlawful.

8    37.    Plaintiff and the proposed Class members are entitled to recover the premium
9 wages prescribed by the Wage Order (for each scheduled or regular shift where they reported for
10 work, as required, but were not permitted to work or for which they worked less than half of the
11 regular or scheduled shift) in an amount of no less than two hours, nor greater than four,
12 whichever is greater, for each such occurrence, for each member of the Class.

13    38.    In addition to the recovery of the premium wages under the Wage Order, Plaintiff
14 and the proposed Class members are entitled to recover a civil penalty under Labor Code section
15 558, against the Defendants, for their violation of the Wage Order, in an amount equal to $50 for
16 the first such violation and $100 for each subsequent violation, for each employee suffering the
17 violation.

18                          **SECOND CAUSE OF ACTION**

19                          **Failure to Pay Minimum Wage**

20          **(Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; Wage Order)**

21    39.    Plaintiff repeats and realleges by reference the allegations set forth above, as
22 though set forth herein in full.

23    40.    Defendant failed to pay at least the minimum wage to Plaintiff and other members
24 of the class, in violation of California Labor Code sections 1182.11, 1182.12, 1194, and 1197, as
25 well as the applicable Wage Order (8 CCR § 11070(4)).

26    41.    Under California law, "hours worked" is defined as "the time during which an
27 employee is subject to the control of an employer, and includes all the time the employee is
28 suffered or permitted to work, whether or not required to do so."

42.     Pursuant to Defendant's Call-in Scheduling Policy, Plaintiff reports to work by calling Defendant one hour before the scheduled start of her shift. This process universally requires Plaintiff and other calling employees be placed on hold while a manager determines if the employee should physically show up for a scheduled shift. Plaintiff, and on information and belief, the putative class members, expend anywhere from five to fifteen minutes to complete the call and determine if they should physically show up for the scheduled shift.

43.     When Plaintiff and putative class members make this call to determine if they should physically show up for a scheduled shift, they are doing so pursuant to Defendant's mandatory employment policies, and these employees are subject to Defendant's control when they make this call. Plaintiff and the putative class members are not compensated with any wages for the time in which they are required to make this call and determine whether they should physically show up for a scheduled shift.

44.     Accordingly, Defendant was required to compensate Plaintiff with at least the minimum wage for all hours worked. Defendant failed to do so, and pursuant to California Labor Code section 1194(a), Plaintiff and all similarly affected employees are now entitled to recover "the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

45.     Pursuant to California Labor Code section 1194.2(a), Plaintiff and all similarly affected employees are now "entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

### THIRD CAUSE OF ACTION

### FAILURE TO KEEP REQUIRED RECORDS

### (Labor Code §§ 1174, et seq.; Wage Order)

46.     Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

47.     The Labor Code and applicable Wage Order require employers to keep certain accurate business records, including each employee's daily hours worked (when each employee began and ended each work period, the start and end of meal periods, total daily hours worked,

total hours worked in the pay period). In addition, the employer is required to accurately record and report the information required to be provided with each pay check, pursuant to Labor Code section 226, including all applicable rates of pay and the number of hours worked at each applicable rate.

48.    Any employer who fails to maintain such records or to accurately maintain such records is subject to a civil penalty, under Labor Code section 1174.5 and under the Wage Order.

49.    Plaintiff alleges that Defendant failed to keep accurate payroll and timekeeping records, as required by law. Specifically, Plaintiff alleges that Defendant failed to keep accurate records of all time worked, including time spent completing the call-in inquiry and the rates and premium wages due to them as Reporting Time Pay.

50.    Plaintiff and putative class members are entitled to the civil penalties imposed by the Labor Code and the applicable Wage Order.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Labor Code §§ 226, 226.3; Wage Order)

51.    Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

52.    Pursuant to the Labor Code and the Wage Order, every employer must provide accurate itemized wage statements at the time employees are paid, showing accurate figures for, *inter alia*, gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

53.    Plaintiff and putative class members did not receive accurate itemized wage statements, as required by law, in that the wage statements provided to them did not accurately reflect correct figures for gross wages earned, total hours worked, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

/ / /

54.   As a result of Defendant's failure to provide the accurate itemized wage statements required by law, Plaintiff and putative class members have been injured in the manner set forth in the Labor Code.

55.   Plaintiff and putative class members are entitled to the penalty set forth at Labor Code section 226(e), to injunctive relief to ensure compliance with the law, to the civil penalty set forth in Labor Code section 226.3, to the civil penalty set forth in the applicable Wage Order, actual damages, costs of suit, and reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL EARNED WAGES**

**UPON SEPARATION FROM EMPLOYMENT**

**(Labor Code §§ 200-203)**

56.   Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

57.   Labor Code §§ 201 and 202 require that Defendant pays their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

58.   Plaintiff was separated from Defendant's employ in August of 2015. Plaintiff and Subclass members were not paid for all earned wages at the time of their separation from Defendant's employ. Plaintiff alleges that Defendant's custom, practice, and/or policy was not to pay for previously earned Reporting Time Wages or unrecorded time spent under Defendant's control, at the time that final wages were paid.

59.   More than 30 days have passed since Plaintiff and Subclass members terminated from their employment with Defendant. Defendant has not paid Plaintiff and each Subclass member, whose employment has ended, all wages owed.  As a consequence of Defendant's willful conduct in not paying Plaintiff and each Subclass member all earned wages at the time

their employment with Defendant ended, Plaintiff and each terminated Subclass member is entitled to 30 days' wages as a penalty under Labor Code § 203.

## SIXTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

#### (Labor Code § 2802)

60.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

61.     Pursuant to Labor Code § 2802, an employer shall indemnify his or her employee for all necessary expenditure or losses incurred by the employee in direct consequence of the discharge of his or her duties.

62.     Defendant's actions in requiring employees to expend monies in direct consequence of the discharge of their duties – specifically, expenses necessarily incurred to comply with the Call-In policy – but failing to fully indemnify and reimburse them for those expenses, are unlawful under the laws and regulations of the State of California.

63.     In violation of California law, Defendant has knowingly and willfully refused to perform their obligations to indemnify and reimburse Plaintiff and Class members.  As a direct result, Plaintiff and Class members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such moneys, lost interest on such moneys, and expenses and attorneys' fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial.

64.     Defendant's conduct described herein violates Labor Code § 2802.  As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial.  Therefore, pursuant to Labor Code §§ 200, 203, and 2802, Plaintiff and Class members are entitled to recover the unpaid balance of expenditures Defendants owe to them, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

/ / /

/ / /

1
2
3

## SEVENTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES

### (Bus. & Prof. Code §§ 17200, *et seq.*)

4       65.     Plaintiff repeats and realleges by reference the allegations set forth above, as
5    though set forth herein in full.

6       66.     Section 17200 of the California Business and Professions Code prohibits any
7    unlawful business act or practice.

8       67.     Plaintiff brings this cause of action in a representative capacity on behalf of the
9    general public and the persons affected by the unlawful conduct described herein.  Plaintiff and
10   putative class members have suffered and continue to suffer injury in fact and deprivation of
11   wages and monies as a result of Defendant's actions.

12      68.     The actions of Defendant, as herein alleged, amount to conduct which is unlawful
13   and a violation of law.  As such, said conduct constitutes unlawful business practices, in
14   violation of Bus. & Prof. Code §§ 17200 et. seq.

15      69.     Defendant's conduct as herein alleged has damaged Plaintiff and putative class
16   members by denying them wages due and payable, and by failing to provide proper wage
17   statements.  Defendant's actions are thus substantially injurious to Plaintiff and putative class
18   members, causing them injury in fact and loss of money.

19      70.     As a result of such conduct, Defendant has unlawfully obtained monies owed to
20   Plaintiff and putative class members.

21      71.     All members of the Class can be identified by reference to payroll and related
22   records in the possession of the Defendant.  The amount of wages due to Plaintiff and members
23   of the Class can be readily determined from Defendant's records and/or proper scientific and/or
24   expert evidence. The members of the proposed class are entitled to restitution of monies due and
25   obtained by Defendant during the Class Period as a result of Defendant's unlawful conduct.

26      72.     Defendant's course of conduct, acts, and practices in violation of the California
27   laws and regulations, as mentioned in each paragraph above, constitute distinct, separate and
28   independent violations of Sections 17200 et seq. of the Business and Professions Code.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (Bus. & Prof. Code §§ 17200 *et seq.*)

73.   Plaintiff repeats and realleges by reference the allegations set forth above, as though set forth herein in full.

74.   When Defendant schedules Plaintiff and the proposed Class members for future shifts, they include Call-In shifts, as described above.  Plaintiff has routinely been subjected to the Call-In schedule.

75.   When Call-In scheduling and Show-Up scheduling are aggregated, employees may be, for example, scheduled to work upwards of five days per week, even though they may only be permitted to earn wages for one-to-two days per week. Employees have no way of knowing whether they will *in fact* be permitted to work until immediately before the start of the Call-In shift.

76.   Regardless of how many days employees are *in fact* permitted to work, employees are required to mold their lives around the possibility that they will work four days a week.  For example, employees cannot schedule shifts with other jobs during those scheduled hours, even though there is a substantial likelihood employees will <u>not</u> be permitted to work a Call-In shift. Employees cannot plan to attend college courses, schedule doctor's appointments, or make plans with friends and family during those hours. Employees with children may have to arrange child care for those four days a week, even though they ultimately will not be permitted to earn wages. For employees who require government assistance, Defendant's Call-In scheduling policy may make it exceedingly difficult, if not impossible, for employees to navigate eligibility requirements for government benefits such as health insurance, child care subsidies, food stamps and housing assistance.

77.   In summary, as a result of Defendant's Call-In scheduling policy, employees suffer a global restriction of their personal autonomy and their ability to plan any personal pursuits for the time in which they are scheduled to work a Call-In shift. However, Defendant's employees are not permitted to earn wages or otherwise compensated for the significant sacrifice

1   implicit in complying with Defendant's Call-In scheduling policy. Moreover, due to the
2   unpredictable nature of Defendant's Call-In policy, employees can never know if they will be
3   able to meet their budgetary needs.

4        78.    California's wage and hour laws reflect the strong public policy favoring
5   protection of workers' general welfare and society's interest in a stable job market. For all the
6   reasons discussed herein, Defendant's Call-In scheduling policy wholly undermines California's
7   long-standing interest in promoting workers' general welfare. The restrictions placed on
8   employee personal autonomy, without compensation, have serious effects on the welfare of
9   Defendant's employees, as well as their families. Stated differently, and for all the reasons
10  discussed herein, Defendant's Call-In scheduling policy is immoral, unethical, oppressive,
11  unscrupulous and otherwise is substantially injurious to its employees.

12       79.    There is no utility to Defendant's Call-In scheduling policy. The purpose of the
13  Call-In scheduling policy is to maximize Defendant's profits at the expense of its employees'
14  welfare and a stable job market in the State of California.  The gravity of harm to Defendant's
15  employees, on the other hand, for all the reasons discussed herein, is substantial. Thus, the
16  gravity of harm to Defendant's employees substantially outweighs any utility of the Call-In
17  scheduling policy.  Stated differently, Defendant's Call-In scheduling policy negatively impacts
18  its employees in a manner that outweighs any reasons, justifications, and motives Defendant can
19  provide.

20       80.    Section 5 of the Wage Order, providing for reporting time pay, is intended to
21  guarantee compensation for employees who tailor their lives around a work schedule, but are not
22  permitted to earn wages due to inadequate scheduling or lack of proper notice by the employer.
23  Viewed from a remedial perspective, reporting time laws exist not only to compensate
24  employees, but also are intended to shape employer conduct by encouraging proper scheduling
25  practices.

26       81.    In addition to promoting proper notice and scheduling practices, the underlying
27  intent, policy, and purpose of Section 5 of the Wage Order, as stated by both the Industrial
28  Welfare Commission (the "IWC"), the organization responsible for setting the working

conditions of California employees, as well as the Division of Labor Standards Enforcement (the "DLSE"), the organization responsible for enforcing California employment laws, is to compensate employees when they are required to be available to work, make themselves available to work, but are not afforded the opportunity to earn wages. Indeed, the DLSE has specifically noted that an employee should be compensated with reporting time pay "for at least a portion of the time [the employee] makes [herself] available to the proposed employer."

82.     Defendant's Call-In scheduling policy globally undermines the purposes of Section 5. Like the more familiar form of Show-Up scheduling, Defendant's Call-In scheduling policy requires employees to conform their lives around a mandatory work schedule. Employees are scheduled to work, expect to work – indeed, employees are *required* to expect to work, or face discipline – and report to work by calling in immediately before a shift begins. Frequently, however, employees are not permitted to work a scheduled Call-In shift. When this occurs, employees are never compensated for the sacrifices they must make in order to report for a scheduled Call-In shift. This is the precise wrong sought to be remedied by Section 5: an improper scheduling practice that fails to properly compensate employees who adapt their lives around a work schedule.

83.     Defendant's Call-In scheduling policy is further unfair, and simultaneously, undermines fair competition, by shifting the risks implicit in scheduling to its employees – all while undermining the purposes of Section 5. Specifically, in a competitive marketplace, retail scheduling practices represent one of many components to maximizing profit. These scheduling practices represent a balancing act between the need to maximize sales, i.e., having optimal sales floor coverage with its employees, and the need to minimize employee overhead costs. Sometimes, retailers are overleveraged and realize greater than optimal employee overhead costs. Other times, retailers are underleveraged and cannot maximize sales.

84.     Defendant's Call-In policy, however, harms fair competition by violating the spirit and purpose of reporting time laws and shifting the risks implicit in scheduling to the employee. Specifically, rather than risk greater than optimal employee overhead – something every retailer must do when complying with the purpose of reporting time laws – Defendant's Call-In policy

1   allows them to *require* an employee report to work any time, but at no time would Defendant
2   have to furnish reporting time pay or provide the employee an opportunity to earn wages, despite
3   the fact that the employee was *required* to be available to work a scheduled Call-In shift. This
4   undermines fair competition because retailers who comply with the purposes of reporting time
5   laws – or as the DLSE has put it, those who compensate their employees "for at least a portion of
6   the time [the employee] makes [herself] available to the proposed employer" – cannot *always*
7   realize optimal employee overhead costs while simultaneously realizing optimal employee
8   presence to maximize sales. By undermining California's reporting time laws, Defendant
9   achieves this anti-competitive advantage. And the only way Defendants are able to enjoy this
10   anti-competitive circumstance is by passing both the risk and the burden of proper notice and
11   scheduling practices onto the employees, in direction contravention of the purpose of Section 5,
12   and at great expense to their employee's welfare.

13       85.    As such, Defendants' Call-In scheduling policy constitutes an "unfair" business
14   practice under the UCL.

### NINTH CAUSE OF ACTION

## CIVIL PENALTIES UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL
## ACT ("PAGA") (Labor Code §§ 2698, *et seq.*)

18       86.    Plaintiff hereby incorporates by reference the preceding paragraphs of this
19   complaint as though set forth in full at this point.

20       87.    PAGA permits Plaintiffs to recover civil penalties for the violation(s) of the Labor
21   Code sections enumerated in Labor Code section 2699.5.

22       88.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a
23   Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising
24   under this part at any time within 60 days of the time periods specified in this part."

25       89.    Defendant's conduct, as alleged herein, violates numerous sections of the
26   California Labor Code including, but not limited to, the following:

27   ///

28   ///

(a)    Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiffs and all aggrieved employees with at least minimum wages for all hours worked as alleged herein;

(b)    Violation of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiffs and other aggrieved employees as alleged herein;

(c)    Violation of Labor Code section 1174(d) for failing to maintain records as alleged herein;

(d)    Violation of Labor Code sections 201, 202, and 203 for failure to pay all unpaid wages upon termination as alleged herein; and

(e)    Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as alleged herein.

90.    California Labor Code section 1198 also makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  Discussed herein, Defendant's conduct violates Wage Order number 7, Section 5, requiring reporting time pay for the Call-In Policy.

91.    California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

92.    California Labor Code section 210 provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one

1  hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation,
2  or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each
3  employee, plus 25 percent of the amount unlawfully withheld."

4      93.    Labor Code section 558(a) provides "[a]ny employer or other person acting on
5  behalf of an employer who violates, or causes to be violated, a section of this chapter or any
6  provision regulating hours and days of work in any order of the Industrial Welfare Commission
7  shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for
8  each underpaid employee for each pay period for which the employee was underpaid in addition
9  to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one
10  hundred dollars ($100) for each underpaid employee for each pay period for which the employee
11  was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages
12  recovered pursuant to this section shall be paid to the affected employee." Labor code section
13  558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil
14  or criminal penalty provided by law."

15      94.    Defendant, at all times relevant to this complaint, were employers or persons
16  acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees'
17  rights by violating various sections of the California Labor Code as set forth above.

18      95.    As set forth above, Defendant has violated numerous provisions of both the Labor
19  Code sections regulating hours and days of work as well as the applicable order of the IWC.
20  Accordingly, Plaintiff seeks the remedies set forth in Labor Code section 558 for herself, the
21  State of California, and all other aggrieved employees.

22      96.    Pursuant to PAGA, and in particular California Labor Code sections 2699(a),
23  2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks
24  assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved
25  employees, and the State of California against Defendant, in addition to other remedies, for
26  violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 224, 226(a), 226.7,
27  510, 512(a), 1174, 1194, 1197, 1197.1, 1198, 2800 and 2802.
28  ///

1    97.    Plaintiff claims herein all penalties permitted by the Private Attorneys General

2  Act of 2004 (PAGA), Labor Code § 2698, *et seq.*, and has complied with the procedures for

3  bringing suit specified by Labor Code § 2699.3. By letter dated January 13, 2016, Plaintiff gave

4  written notice by certified mail to the Labor and Workforce Development Agency ("LWDA"),

5  and Defendants, of the specific provisions of the Labor Code alleged to have been violated,

6  including the facts and theories to support the alleged violations.

7                                    **PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the Class,

9  prays for judgment against Defendant as follows:

10   A.    For an order certifying the proposed class;

11   B.    For the attorneys appearing on the above caption to be named class counsel and

12          for the named Plaintiffs to be appointed class representatives;

13   C.    For compensatory damages in an amount according to proof with interest thereon;

14   D.    For economic and/or special damages in an amount according to proof with

15          interest thereon;

16   E.    For payment of unpaid wages in accordance with California labor and

17          employment law, including, where applicable, liquidated damages;

18   F.    For payment of penalties in accordance with California law;

19   G.    For Defendants to be found to have engaged in unfair competition in violation of

20          Bus. & Prof. Code §§ 17200, *et seq.*;

21   H.    For a permanent injunction against Defendants' Call-In scheduling practice;

22   I.    For Defendants to be ordered and enjoined to make restitution to Plaintiffs and the

23          Class and disgorgement of profits from their unlawful business practices and

24          accounting, pursuant to Business and Professions Code §§ 17203 and 17204;

25   J.    For interests, attorneys' fees and cost of suit under Labor Code §§ 226 and 1194

26          and Code of Civil Procedure §1021.5;

27   K.    For all penalties permitted by California's Private Attorney General's Act

28          (PAGA), Labor Code section 2698, *et seq.*

1      L.     For all such other and further relief that the court may deem just and proper.

2                    Respectfully Submitted,

3 Dated: July 19, 2016

**MARLIN & SALTZMAN, LLP**

By: ___/s/ David C. Leimbach___
      Stanley D. Saltzman, Esq.
      David C. Leimbach, Esq.

Attorneys for Plaintiff
and the Proposed Class

## JURY DEMAND

Plaintiff, on behalf of herself and all others similarly situated, hereby does demand a trial by jury in this case.

Dated: July 19, 2016

**MARLIN & SALTZMAN, LLP**

By: ___/s/ David C. Leimbach___
      Stanley D. Saltzman, Esq.
      David C. Leimbach, Esq.

Attorneys for Plaintiff
and the Proposed Class