JACKSON LEWIS P.C.
NATHAN W. AUSTIN (SBN 219672)
EVAN D. BEECHER (SBN 280364)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:    (916) 341-0404
Facsimile:    (916) 341-0141
Email: austinn@jacksonlewis.com
        evan.beecher@jacksonlewis.com

Attorneys for Defendant
ZUMIEZ INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA BERNAL AND ALEXIA HERRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUMIEZ, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  2:16-CV-01802-SB<br><br>**DEFENDANT ZUMIEZ INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Federal Rules of Civil Procedure 12(c)]<br><br>(Filed concurrently with Request for Judicial Notice and [Proposed] Order)<br><br>***Without Oral Argument***<br><br>DATE:              June 15, 2017<br>TIME:              TBD<br>COURTROOM:  TBD<br><br>Complaint Filed:              08.02.16<br>Trial Date:                      None Set |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 15, 2017, at a time and location to be determined, ZUMIEZ INC. ("Zumiez") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(c) to enter judgment in favor of Zumiez based on the pleadings filed in this case.  The basis for this motion is that Plaintiff fails to allege sufficient facts to state a claim under California's Labor Code or Business and Professions Code.  Alternatively, the basis for this

/ / /

1

1    Motion is that the relief sought by Plaintiff has no legal basis under California law.  Zumiez is

2    therefore entitled to judgment in its favor on each of Plaintiff's claims.

3          This motion will be based upon this Notice of Motion and Motion and Memorandum of

4    Points and Authorities, the Request for Judicial Notice, the pleadings and papers filed with this

5    Court, and any oral argument that the Court may consider at the telephonic hearing on this

6    motion.

7

8    Dated:  May 8, 2017                    JACKSON LEWIS P.C.

9
                                     By:___*/s/ Evan D. Beecher*_____
10                                       NATHAN W. AUSTIN
                                         EVAN D. BEECHER
11                                   Attorneys for Defendant
                                     ZUMIEZ INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND                    *Alexandra Bernal, et al. v. Zumiez, Inc.*
MOTION FOR JUDGMENT ON THE PLEADINGS               Case No. 2:16-CV-01802- SB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff has filed a lawsuit that seeks recovery under a novel theory of law that has not yet been addressed by higher courts within California.  In essence, Plaintiff seeks compensation on behalf of herself and others whenever an employee called a manager to ask whether they should report to the store to work a "Call-In" shift.  This allegation, even if true, does not violate California law. The courts that have addressed these types of allegations have found that these claims do not state a viable claim.

Plaintiff's claims run against long-established law.  The applicable laws are decades old, and no decisions have stretched to find an employee is entitled to compensation by merely calling into work to check scheduling. While Plaintiff may make equitable or fairness arguments to support her position, those arguments are properly directed to the legislature.  The current state of the law is unambiguous and Plaintiff's "call-in" claims fail as a matter of law.

Plaintiff's allegation for minimum wages also fails because it is premised on the theory that a de minimis telephone call is compensable time; it is not. Plaintiff's claim for unreimbursed business expenses are also insufficient because there is no allegation that Zumiez required employees to use cell phones for telephone calls. Plaintiff's Third, Fourth, Fifth, Seventh and Eighth causes of action are wholly derivative of the First and Second Causes of Action and fail as a result. Zumiez respectfully requests judgment on the pleadings.

### II.  PROCEDURAL HISTORY

On or about August 1, 2016, Plaintiff Alexandra Bernal filed her Complaint in the Eastern District of California.  Plaintiff's Complaint asserted on behalf of herself, and others similarly situated, claims for: (1) Failure to Pay Reporting Time; (2) Failure to Pay Minimum Wage; (3) Failure to Maintain Required Business Records; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay All Wages Earned At Termination; (6) Failure to Reimburse Business Expenses; (7) Unlawful Business Practices; (8) Unfair Business Practices; (9) Civil Penalties Under the Private Attorney General Act ("PAGA").  On October 20, 2016, Plaintiff filed a First Amended Complaint ("FAC") asserting the same claims, and adding Alexia Herrera

1

as a named plaintiff. Plaintiff Alexandra Bernal later dismissed her claims (Docket No. 20), leaving Alexia Herrera as the sole named Plaintiff.

## III. ARGUMENT.

### A. Plaintiff Has Failed To Allege Facts Sufficient To State A Plausible Claim For Relief.

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same general standard as that applied to a Rule 12(b)(6) motion: i.e., judgment on the pleadings is properly granted when, taking all of the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Milne v. Stephen Slesinger, Inc., 430 F.3d 1036 (9th Cir. 2005) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). As with a Rule 12(b)(6) motion, a Rule 12(c) motion includes the Twombly/Iqbal "plausibility" standard. Chavez v. United States, 683 F.3d 1102, 1108-1109 (9th Cir. 2012).

Under the Twombly and Iqbal standards, a plaintiff must do more than simply plead conclusory allegations with no specific facts to support them. Ashcroft v. Iqbal, 556 U.S. 662, 677-83. (2009). To survive a challenge, the plaintiff must allege specific facts that enable the court to draw the plausible and reasonable inference that a defendant is liable for the misconduct alleged. A complaint that offers no more than "a sheer possibility that a defendant has acted unlawfully" is properly dismissed by a challenge to the plaintiff's pleadings. Id. at 678.

### B. Plaintiff's First Claim for Failure to Pay Reporting Time Is Insufficient as a Matter of Law.

To support her first claim for relief, Plaintiff asserts two theories under which Zumiez allegedly failed to pay reporting time wages to employees, and both fail to state a cause of action. The first theory is that Zumiez does not provide reporting time pay to an employee if he or she is told by a supervisor that they need not come in to the workplace for a particular "Call-In" shift, after the employee calls in. The alleged "Call-In" shift is separate from a regular "Show-Up" shift where an employee does not "call in" in advance. (FAC, ¶ 33.) This theory is completely novel;

2

1    there is no law or administrative interpretation that the alleged practice is unlawful. Plaintiff's

2    "Show-Up" and "Call-In" shifts are phrases coined by Plaintiff's counsel and have no legal

3    relevance. The second theory, is that sometimes "Call-In" shifts are scheduled immediately

4    following a "Show-Up" shift. Under the second theory Plaintiff alleges an employee who is

5    already working must inquire if they will continue working.  If the answer is no Plaintiff alleges

6    that the employee ends their shift (Id.) Plaintiff contends this second situation also requires

7    Zumiez to provide reporting time pay to employees.  No fact are alleged that Plaintiff was subject

8    to either alleged theory.

9                    **1.        Plaintiff's First Theory Does Not Present a Cognizable Claim.**

10           Plaintiff's allegation for reporting time fails as a matter of law. A private right of action

11   for an administrative regulation can only be created by the legislature by through an enactment of

12   a statute. Thurman v. Bayshore Transit Management, Inc., 203 Cal. App. 4th 1112, 1132 (2012).

13   There is no statute granting a private right of action for reporting time; reporting time

14   requirements are established by the Wage Orders, not by statute. See, e.g., 8 CCR § 11070(5).

15   There is also no private right of action for Labor Code section 558. Renazco v. Unisys Tech.

16   Servs., L.L.C., 2014 U.S. Dist. LEXIS 168922, 7 (CA N.D. Dist., 2014). In other words, there is

17   no private right of action for a violation of a Wage Order. Thurman, 203 Cal.App. 4th at 1132.

18           The legal basis for "reporting time" pay arises under the relevant IWC Wage Order.  See

19   IWC Wage Order 7-2001, Section 5(A). Section 5(A) provides that an employer must only

20   provide reporting time pay for "[e]ach workday an employee is required to report for work and

21   does report, but is not put to work or is furnished less than half said employee's usual or schedule

22   day's work[.]"  Reporting time payments have only ever been interpreted to be due in California

23   when an employer demands that an employee physically report to work, then is sent home.

24   Plaintiff's theory is that a phone call to determine whether or not she should come to work

25   constitutes "reporting to work" for purposes of the Wage Order. Plaintiff's tortured reading of the

26   law far exceeds what the IWC itself contemplated or what any other court has authorized.

27           Reporting time is due when an employee physically reports to the workplace to work a

28   shift.

                                                         3

1    Reporting time claims are premised on such issues as attending meetings, training

2    sessions, or other workplace events.  See e.g., Kamar v. Radioshack Corp., 2008 U.S. Dist.

3    LEXIS 40581, *1 (C.D. Cal. May 15, 2008) (reporting to workplace to attend meetings); York v.

4    Starbucks Corp., 2009 U.S. Dist. LEXIS 131489, *4 (C.D. Cal. Dec. 3, 2009) (reporting to

5    workplace for termination meeting); Ramirez v. Manpower, Inc., 2014 U.S. Dist. LEXIS 4072, *4

6    (N.D. Cal. Jan. 10, 2014) (reporting to workplace for unpaid training, assessment, orientation, and

7    termination); Aleman v. AirTouch Cellular, 209 Cal. App. 4th 556, 563 (2012) (reporting to

8    workplace to attend work-related meetings).

9    Reporting time claims can also arise when an employee is already working, but sent home

10    before completing half of their scheduled or usual shift, or are turned away without working at

11    all.  See, e.g., Carrillo v. Schneider Logistics, Inc., 823 F.Supp.2d 1040, 1044 (C.D. Cal. 2011)

12    (explaining that California law requires employers to pay reporting time when employees report

13    for work but are sent home without pay.); DLSE Opinion Letter 2003.01.29, at 2 (explaining that

14    an hour of reporting time pay would be owed "if an employee who is scheduled for or usually

15    works an eight-hour shift is sent home after only three hours").

16    This issue has been decided. In 2014, Plaintiff's law firm filed a similar complaint seeking

17    reporting time and other derivative compensation and penalties against Victoria's Secret Stores,

18    LLC ("VSS").  After extensive briefing, Judge Wu decided the principal claims were not

19    cognizable under California law.  See Request for Judicial Notice, Exhibit A (hereinafter referred

20    to as the "VSS Opinion").[1]  The plaintiff appealed to the Ninth Circuit (Case No. 15-56162) and

21    the matter was fully briefed and argued.   The matter was settled before the Ninth Circuit issued

22    an opinion.

23    In the VSS Opinion Judge Wu specifically requested supplemental briefing on the

24    meaning of "report for work" on hearing a motion to dismiss a reporting time pay claim.  VSS

25    Opinion, p.2. Judge Wu carefully considered the issues and engaged in a careful statutory analysis

26

27    [1]   The attached opinion is a tentative ruling issued in Mayra Casas v. Victoria's Secret Stores, LLC, et al., 14-6412-GW (VBKx), 2014 WL 12644922 (C.D. Cal. Dec. 1, 2014).  The tentative

28    ruling was adopted by Judge Wu on December 18, 2014 by minute order.  See Request for Judicial Notice, Exhibit B.

4

of the California Wage Order at issue.  (Id. citing <u>Bright v. 99cents Only Stores</u>, 189 Cal.App.4th 1472, 1480 (2010).)  Judge Wu considered the plain meaning of language within Wage Order 7-2001, Section 5(A), the legislative history, and general rules of construction.   Following a detailed analysis, the Court concluded: "Given the plain meaning of the phrase and legislative history, the Court would find the phrase 'report for work' means to actually, physically show up at the workplace."  <u>VSS Opinion</u>, p. 4. The Court therefore dismissed the "Call-In" reporting time claim <u>with prejudice</u>.

In a recent decision from the Eastern District, Judge England granted summary judgment on a reporting time claim based on the allegation that the plaintiff argued that she was entitled to reporting time pay when she was on-call and responded by telephone to a customer. <u>Culley v. Lincare Inc.</u>, 2017 U.S. Dist. LEXIS 24135, *6. Judge England found that reporting time pay "applies only to occasions when Plaintiff and class members were required to physically report to work and not to when they performed work via telephone. <u>Id.</u> at *6-8. Judge England cited the Division of Labor Standards Enforcement Manual that said that the purpose of reporting time pay is to "discourage employers from having employees report unless there is work available at the time of the reporting and is further designed to reimburse employees for expenses incurred in such situations." <u>Id.</u> at *7.

In sum, an employee must physically present themselves at the workplace to begin work to be eligible for reporting time pay. Plaintiff cannot proceed on this theory of recovery.

**2.    Plaintiff's Second Theory Similarly Does Not Present a Cognizable Claim.**

Plaintiff's second theory is that sometimes a "Call-In" shift is scheduled immediately after a "Show-Up" shift, such that the employee is already "present" and "reports for work by waiting until the beginning of the Call-In shift to inquire with their manager if they will be permitted to work the Call-In shift."  (FAC, ¶ 33.)  Plaintiff's theory is deficient in several respect and does not state a cause of action.

/ / /

/ / /

5

First, Plaintiff never alleges that she actually worked a shift under this second theory of recovery. She has thus suffered no harm and cannot proceed on this theory. General allegations and legal conclusions are insufficient. Iqbal, 556 U.S. at 678.

Second, Plaintiff admits in her FAC that when employees "report" for this second type of "Call-In" shift, they have already worked half of the scheduled shift for the day. In order to be entitled to reporting time pay under Section 5(A), Plaintiff must allege that she reported for work, "but is not put to work or is furnished less than half said employee's usual or scheduled day's work[.]" IWC Wage Order 7-2001, Section 5(A) (emphasis added). Here, Plaintiff admits that she had already reported to work and actually worked the first half of the day's scheduled shift, i.e. the "Show-Up" shift. (FAC, ¶¶ 28 & 33.) She alleges she was already on the clock and had already worked half the scheduled shift. (FAC, ¶14.) Liability would only follow if Plaintiff was given less than half of her scheduled or usual day's work. Even assuming the "Call-In" shift is considered part of the "scheduled day's work," Plaintiff must allege that she was actually given less than half of her scheduled work for the day in connection with her second theory. Plaintiff fails to do so and only regurgitates the legal elements of a reporting time claim later in her FAC. (Id. at ¶ 36.) She cannot recover under this theory.[2]

Third, this theory is flawed because the employee does not "report to work" because the employee never left the workplace. "Reporting for work" connotes traveling to work, and reporting time pay is intended to compensate an employee for the expenses associated with traveling to work. Culley, 2017 U.S. Dist. LEXIS 24135, at *7. Section 5(B) of Wage Order 7-2001 contemplates leaving the workplace and returning. Section 5(A) would not provide any relief for the "Call-In" shift since she is not travelling to the workplace a second time. Practically speaking, this theory would dictate that returning from a mid-day meal break would constitute a second instance of reporting to work in the day; it does not.

---

[2] Wage Order 7-2001, Section 5(B) provides the only avenue for relief under Plaintiff's convoluted second theory. Section 5(B) provides "If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than minimum wage." However, Plaintiff cannot allege that she left work such that she was required to "report for work a second time". In any event, Plaintiff only references Section 5(A) in her FAC.

Therefore, Plaintiff's first claim for reporting time pay should be dismissed without leave to amend.

### C.   Plaintiff's Second Claim for Failure to Pay Minimum Wage Has No Legal Basis And Must Be Dismissed.

In support of her second claim, Plaintiff alleges that she is owed at least minimum wage for all time calling in to see if she has to work a "Call-In" shift.  (FAC, ¶43.)  Plaintiff claims that these calls lasted between five to 15 minutes.  (Id.)  Plaintiff claims that she is under the control of her employer when those calls were made, but fails to state facts sufficient to establish that she is restricted or controlled.  (Id. at  ¶44.)

In California, employees are considered to work only during times in which they are subject to the control of the employer or the employer knew that they were performing work activities.  See Morillion v. Royal Packing Co., 22 Cal.4th 575, 586 (2000); see also DLSE Manual, section 46.1 (limiting "hours worked" to "time during which an employee is subject to the control of any employer" and "all the time the employee is suffered or permitted to work[.]").  Simply calling a supervisor to find out whether an employee will be working is not considered time work because the employee is neither under the employer's control nor working.  The employee in question could be making the call in the car, at home, at the gym, or in any number of situations where she is not subject to the employer's control.

Even if the time was compensable, which it is not, the alleged 5 to fifteen minute calls were de minimis.[3]  See Lindow v. United States, 738 F.2d 1057, 1062 (9th Cir. 1984) ("'When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded'") (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946)); Rutti v. Lojack Corp., 596 F.3d 1046, 1057 (9th Cir. 2010) (finding that time of less than ten minutes is de minimis); Elliot v. Spherion Pac. Work, LLC, 572 F.Supp.2d 1169, 1178 (C.D. Cal 2008) (holding that plaintiff failed to raise a triable issue of fact where "the only evidence supporting Plaintiff's claim is that she contracted Defendant from time to time simply to inform Defendant of her availability between temporary assignments," and the plaintiff

---

[3]  The practical reality is that any "calls" were likely text messages that took less than one minute.

"point[ed] to no evidence . . . that her efforts to 'actively search' for new assignments consisted of anything more than these de minimis contacts with Defendant to keep Defendant updated on her availability"), aff'd 368 F. App'x 761 (9th Cir. 2010).

Since Plaintiff has not presented a viable theory on this claim, it should be dismissed without leave to amend.

### D.   Plaintiff's Third, Fourth, And Fifth Claims Are Derivative Claims Based on Deficient Allegations and Must Be Dismissed.

As with Plaintiff's first and second claims discussed above, Plaintiff's third, fourth, and fifth claims insufficient and should be dismissed.

With respect to Plaintiff's third claim for failure to keep accurate time records, Plaintiff alleges it that is specifically premised upon Zumiez' failure to record "time spent completing the call-in inquiry and the rates and premium wages due to them as Reporting Time Pay." (FAC, ¶ 50.)  Plaintiff's fourth claim for failure to provide accurate wage statements only asserts legal conclusions unsupported by any specific factual allegations regarding the basis for the claim.  (Id. at ¶¶ 52-56.)  As to Plaintiff's fifth claim for failure to pay all earned wages upon separation, Plaintiff alleges it is based upon unpaid "previously earned Reporting Time Wages or unrecorded time spent under Defendant's control[.]"  (Id. at ¶ 59.)  As derivate claims, the third, fourth, and fifth claims stand or fall with the first two claims.  See, e.g., White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (dismissing wage statement as derivative of dismissed off-the-clock and meal and rest break claims); Gunawan v. Howroyd-Wright Employment Agency, 997 F. Supp. 2d 1058, 1066-67 (C.D. Cal. 2014) (finding that because the plaintiff was not entitled to relief through underlying claims, wage statements could not be deficient as a result of "not reflect[ing] compensation for such non-compensable time").  As discussed above, Plaintiff's reporting time pay and minimum wage claims should be dismissed.  Thus, these claims are deficient as a matter of law and should be dismissed.

/ / /

/ / /

/ / /

8

1

2

**E.      Plaintiff's Sixth Claim for Failure to Indemnify Is Insufficiently Pleaded and Must Be Dismissed.**

3

4

5

6

7

8

Plaintiff claims that Zumiez violated California Labor Code section 2802 by failing to fully indemnify and reimburse employees for their compliance with Zumiez' Call-In policy. (FAC, ¶ 63.)   However, Plaintiff alleged in her FAC that Zumiez' Call-In policy requires employees to make a telephone call to a manager one hour before the start of a "Call-In" shift. (Id. at ¶¶ 43, 44.)  Plaintiff never alleges what expense she might have incurred, the amount, or that Zumiez refused to reimburse her for that amount.

9

10

11

12

13

14

15

16

17

18

19

California law requires employers reimburse their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."  Cal. Lab. Code § 2802(a).  An expense is "necessary" only if it is "reasonable under the circumstances."  Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal.4th 554, 568 (2007).  An employer must also have reason to know about the expense.  Stuart v. RadioShack Corp., 641 F.Supp.2d 901, 903-04 (N.D. Cal. 2009). Employers do not need to reimburse discretionary expenses made for the employee's convenience, even if the employer also benefits.  See Vovak v. Boeing Co., 2011 U.S. Dist. LEXIS 83031, at *3 (C.D. Cal. July 20, 2011) (granting partial summary judgment to employer on claim for costs of maintaining home office because "work from home" program was voluntary).

20

21

22

23

24

25

26

Here, Plaintiff does not allege that Zumiez required her or others to own or use cell phones to make work-related calls.  Plaintiff presumably could have used any phone she liked to call Zumiez.[4]  To the extent she used her cell phone, it was for her convenience and not required by Zumiez.  Plaintiff does not even allege that her manager was aware of any expense she may have incurred.  Since Plaintiff does not allege that Zumiez required her to use cell phones or any specific communication medium, her claim fails.  See Cochran v. Schwan's Home Service, Inc.,
/ / /

27

28

---

[4] There are any number of ways an employer could contact the store without incurring costs including a landline and free messaging services like Apple's iMessage.

9

228 Cal.App.4th 1137, 1144 (2014) (employer must reimburse cell phone expenses when an employee is "required to make work-related calls on a personal cell phone").

### F.     Plaintiff's Seventh and Eighth for Unlawful and Unfair Businesses Practices Fail Because They Are Derivative of Deficiently Pleaded Claims.

Plaintiff's "unlawful" practices claim pursuant to Cal. Business & Prof. Code §§ 17200, et seq., can only be successful or viable if the plaintiff can prove a violation of another statute.  See Klein v. Earth Elements, Inc., 59 Cal.App.4th 965, 969 (1997).  Plaintiff's claims are based upon the other claims pleaded in her FAC, particularly Zumiez' Call-In Policy.  (FAC, ¶¶ 69, 85.) Since the underlying claims fail, as discussed above, so does her unlawful business practices claim.  See Ingles v. Westwood One Broad. Servs., Inc., 129 Cal.App.4th 1050, 1060 (2005) ("If the [underlying] claim is dismissed, then there is no 'unlawful' act upon which to base the derivative Unfair Competition claim.").

With respect to the "unfair" practices claim, a court must find that the complained about conduct "be tethered to some legislatively declared policy."  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 186.  Moreover, an unfair competition claim must allege "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  Id. at 186-187. Plaintiff has failed to allege a violation of antitrust law or the spirt of such laws.

Plaintiff's seventh and eighth claims should be dismissed.

### G.     Plaintiff's Ninth Claim for Penalties under PAGA Fail as a Derivative Claim.

Plaintiff alleges that her PAGA claim is based upon the conduct discussed above.  (FAC, ¶¶ 90-94.)  Since Plaintiff's other Labor Code claims are deficient as a matter of law, her PAGA claim is similarly lacking.  As a result, it too should be dismissed.

/ / /

/ / /

/ / /

/ / /

10

1

## IV.    CONCLUSION

2          For these reasons, the Court should enter judgment against Plaintiff's FAC, and each

3    cause of action, without leave to amend.

4

5    Dated:  May 8, 2017                          JACKSON LEWIS P.C.

6                                                 By:___/s/ Evan D. Beecher_____

7                                                    NATHAN W. AUSTIN
                                                     EVAN D. BEECHER

8                                                 Attorneys for Defendant
                                                  ZUMIEZ INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND                    *Alexandra Bernal, et al. v. Zumiez, Inc.*
MOTION FOR JUDGMENT ON THE PLEADINGS                 Case No. 2:16-CV-01802- SB