UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
AT SACRAMENTO

**FILED**
Aug 16, 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ALEXANDRA BERNAL and ALEXIA HERRERA, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

ZUMIEZ, INC., and DOES 1 through 10, inclusive,

    Defendants.

No. 2:16-cv-01802-SB

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Zumiez, Inc.'s Motion for Judgment on the Pleadings, ECF No. 21. On August 2, 2017 the Court held a telephonic hearing with oral argument on this matter where Plaintiff was represented by Cody Kennedy, and Defendant by Nathan Austin. Plaintiff's putative class action complaint raises a cause of action for reporting time pay under 8 Cal. Code Regs. tit. 8, § 11070(5)(A) (along with other derivative claims). Defendant argues that Plaintiff's claims for reporting time pay are legally insufficient because Plaintiff never physically reported for work, instead calling in telephonically to inquire whether a shift was scheduled. Defendant also moves to dismiss multiple claims

that derive from the reporting time pay claim. For the reasons stated below, the Court **denies** the motion.

## INTRODUCTION & CASE POSTURE

Named Plaintiff Alexandra Bernal filed a class action complaint in this Court on August 1, 2016 alleging claims under California law for (1) Failure to Pay Reporting Time Earnings; (2) Failure to Pay Minimum Wage; (3) Failure to Maintain Required Business Records; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay All Wages at Termination; (6) Failure to Reimburse Business Expenses; (7) Unlawful Business Practices; (8) Unfair Business Practices; and (9) civil penalties under the California Private Attorney General Act ("PAGA").

Plaintiff filed a First Amended Complaint ("FAC") on October 20, 2016 and added Alexia Herrera as a named plaintiff. The original named plaintiff, Alexandria Bernal, left the case. The Court initially decided that it would entertain a motion for class certification before setting a trial schedule, but Defendant filed the instant motion for judgment on the pleadings on May 9, 2017 and the parties stipulated that Defendant's motion should be heard prior to determination of class status.

## FACTS

Because this motion is based on a legal question presented by the pleadings, and because the Court must take the alleged facts as true and view them in the light most favorable to Plaintiff, there is a relatively small number of material facts to consider.

Plaintiff brings suit on behalf of herself and others who used a cellphone to check with their employer to see if they were scheduled to work and who called in around an hour before they would have to physically go to work. These calls are

estimated to last between five to ten minutes. Plaintiff and members of the proposed class were required to call in prior to regularly scheduled shifts three or four times a week throughout the class period. These phone calls are required by Defendant's mandatory policy. Around fifty percent of the time, Plaintiffs allege Defendant did not furnish any scheduled work nor pay Plaintiffs for any portion of their scheduled shift. Some putative class members are alleged to live up to an hour away from the required work site.

## STANDARD

Under Fed. R. Civ. P. 12(c) a party may move for judgment as a matter of law after the close of the pleadings, but early enough to not delay trial. Judgment on the pleadings is proper when "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 970 (N.D. Cal. 2017) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). The test is identical to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Thus "the [C]ourt treats the opposing party's allegations as true, and construes them in the light most favorable to that party." *Conde*, 223 F. Supp. 3d at 970 (quoting *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)). The Court may consider judicially noticeable documents in ruling on the motion, and takes notice of the order issued in *Cassas v. Victoria's Secret Stores, LLC., et al.*, 14-6412-GW (VBKx), 2014 WL 12644922 (C.D. Cal. Dec. 1, 2014). *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (setting the standard for judicially noticing opinions).

//
//
//

# ANALYSIS

The Court proceeds to first evaluate the parties' arguments for claim (1), reporting time pay. The Court then concludes that claims (3), (7), (8), and (9) survive as derivative claims. The analysis section concludes with discussions of claims (2) and (6), which survive as well.

**Claim (1): Reporting Time Pay**. Plaintiff presents two theories why her circumstances fit the reporting time wage order. Because the Court finds that the first theory applies, it does not consider the second theory. Plaintiff argues that a California law mandating up to four hours of pay for workers who report for work and are not given a shift should apply when those workers "report" via telephone. Defendant argues that the law requires a worker to physically present themselves at a work site in order to qualify for reporting time pay.

California wage and hour claims are governed by a set of semi-legislative, administrative documents issued by a now-defunded agency, the Industrial Wage Commission ("IWC"), called wage orders. Wage orders provide a cause of action[1] to workers on a variety of wage rules and regulations. Although the IWC was de-funded by the California Legislature effective July 1, 2004, its wage orders are still in effect. *Bearden v. U.S. Borax, Inc.*, 138 Cal. App. 4th 429, 434 n.2, 41 Cal. Rptr. 3d 482 (2006).

//
//
//

---

[1] Defendant makes a non-starter argument that wage orders do not provide a private right of action. The Court dismisses this argument as frivolous. *See, e.g.*, *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1064 (9th Cir. 2007) (plaintiffs may sue in court to enforce claims based on IWC Wage Order 16-2001, entitled "Reporting Time Pay," which claims are not necessarily preempted by the Labor Management Relations Act); *Brock v. Carrion*, 332 F. Supp. 2d 1320, 1328 (E.D. Cal. 2004) (applying Wage Order No. 5's provision setting the maximum amount of meals or lodging that employer may credit against minimum wage requirements); *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 381, 36 Cal. Rptr. 3d 31 (2005); *Leighton v. Old Heidelberg, Ltd.*, 219 Cal. App. 3d 1062, 1077, 268 Cal. Rptr. 647 (1990). For a detailed examination of why exactly this is the case, see *Kamar v. RadioShack Corp.*, No. CV07-2252AHM(AJWX), 2008 WL 2220166, at *3 (C.D. Cal. May 15, 2008).

The relevant wage order in this case is IWC Wage Order 7-2001[2] § 5(A), codified as (and hereinafter referred to as) 8 Cal. Code Regs. tit. 8, § 11070(5)(A). It reads:

> (A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

Thus, the wage order provides a right to recover wages when a worker reports for a shift but is given less than half a usual or scheduled shift. The issue before the Court is if, as Defendant contends, "report[ing] for work" means physically coming to the workplace, or, as Plaintiff contends, if telephonic reporting is sufficient for reporting time pay to inure. As Defendant points out, the factual circumstances in many cases show that the workers in question physically presented themselves for work. *See, e.g.*, *Kamar*, 2008 WL 2220166, at *1 (workers reported to work to attend meetings); *York v. Starbucks Corp.*, No. 2:08-cv-07919, 2009 U.S. Dist. LEXIS 131489, at *4 (C.D. Cal. Dec. 3, 2009) (physical presence at work for termination meeting).

The case becomes a question of statutory interpretation: does the wage order require workers to physically come to the workplace in order to report? Wage orders are quasi-legislative documents that courts interpret like statutes. *Campbell v. PriceWaterhouseCoopers, LLP*, 642 F.3d 820, 825 (9th Cir. 2011). The fundamental task in construing a statute is to ascertain the intent of the drafters to

---

[2] This wage order governs the specific industry ("Mercantile") that Plaintiff is employed in.

**ORDER DENYING MOTION FOR JUDGMENT ON THE . . . ^ 5**

effectuate the purpose of the statute. *Day v. City of Fontana*, 25 Cal. 4th 268, 272 (2001). While interpreting statutes, California courts are to give them a "reasonable and commonsense interpretation consistent with the apparent legislative purpose and intent, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." *Dyna-Med, Inc. v. Fair Employment & Hous. Comm'n*, 43 Cal. 3d 1379, 1392 (1987). Plain meaning is the best indicator of legislative intent; the words should be given their ordinary and usual meaning and construed in context. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1026 (2012). This is especially the case when words are left undefined in the statutory scheme. *BP Am. Prod. Co. v. Burton,* 549 U.S. 84, 127 (2006). As a general rule California courts interpret wage and hour laws in such a way that "reflect the strong public policy favoring protection of workers' general welfare." *Cash v. Winn*, 205 Cal. App. 4th 1285, 1297 (2012). This means that wage and hour statutes should be liberally construed to promote worker protection. *Brinker*, 53 Cal. 4th at 1026-27.

      The Court concludes that a "plain meaning" reading—one that applies a commonsense interpretation—supports the conclusion that telephonically calling in falls under the ambit of activity enforceable by the wage order. In the modern era, where many workers complete their tasks remotely, use telephones to clock in and clock out for timekeeping purposes, and, as in the case at hand, check for shifts telephonically, a commonsense and ordinary reading of the order would include the reporting that Plaintiffs allegedly engaged in.

      The parties make much of the difference between reporting *to* work and reporting *for* work. The Department of Labor Standards Enforcement has used both constructions, though the wage order unambiguously uses the phrase "report for work." This legislative phrase is facially unambiguous, and does not require a

**ORDER DENYING MOTION FOR JUDGMENT ON THE . . . ^ 6**

dictionary for interpretation.[3] There is no specific language in this phrase that requires or necessitates that such reporting be physical in nature. In short, the face of the wage order does not include an element requiring that workers physically present themselves at a workplace. Defendant would have the Court dismiss Plaintiff's claim as if the wage order read: "Each workday an employee is required to *physically* report *at the work place* for work and does report . . . ." Where a statute is complete and unambiguous on its face, "additional terms should not be read into the statute." *Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497 F.3d 982, 987 (9th Cir. 2007) (citing *Burlington N. R.R. v. Okla. Tax Comm'n*, 481 U.S. 454, 463 (1987)). The Court refuses to read extraneous terms into the statute.

"Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732 (9th Cir. 2007). Thus there is no need for the Court to engage with the legislative history of the wage order. Even if it did, however, statutory language referring to transportation for female workers does not rob the statute of application to situations both where workers are required to telephonically or physically report for work. IWC Wage Order No. 7 R (effective June 1, 1947) [at 91 § 3(c)]. Further, this language is no longer in the statute. The IWC explicitly decided to remove this language from the statute, consciously choosing to remove it from the context used to construe the remainder of the statute. The legislative history does not contain evidence that a physical reporting element is necessary in order to prove a reporting time violation.

Rather, the bulk of interpretation and enforcement agency documents indicate that the purposes of the statute, to limit contingent staffing and

---

[3] Dictionary definitions are notoriously mercurial. Compare, for example, the Oxford English Dictionary definitions of "report": (1) to "present oneself formally as having arrived at a particular place" *or* (2) to present oneself "as ready to do something." Oxford Dictionaries, *"Report,"* available at https://en.oxforddictionaries.com/definition/report (last accessed Aug. 9, 2017). The competing definitions provide little guidance to the Court, and indeed in this context are contradictory.

**ORDER DENYING MOTION FOR JUDGMENT ON THE . . . ^ 7**

compensate workers for expenses incurred in setting up last minute contingencies in preparing work shifts, are met whether an employee telephones in or physically reports to work. This is key, because the Court is tasked with interpreting statutes in a way that will result "in wise policy rather than mischief or absurdity." *Dyna-Med, Inc.*, 43 Cal. 3d at 1392. The incentives that led employers to engage in behavior that caused the IWC to create the wage orders in the first place still exist: creating a surplus pool of contingent workers ready to begin work at a moment's notice, only to notify some number of them that their services would not be required, provides an enormous benefit to employers, while forcing workers to prepare a set of contingency plans depending on whether they are given a shift to work or not.

Permitting employers to set-up a system where workers use a telephone to report for work but are not liable for reporting time pay would cause "mischief," *id.*, by allowing the total circumvention of the reporting time wage order. Any employer need only set up a phone line and deadline for calls from workers to completely relieve themselves of reporting time liability. Such an "absurdity," *id.*, would leave workers in the exact same situation as if the wage order had never been promulgated. The Court is required to give a "practical interpretation," *id.*, to the wage order that "reflect[s] the strong public policy favoring protection of workers' general welfare," *Cash*, 205 Cal. App. 4th at 1297, and "liberally construe[]" the order to protect workers. *Brinker*, 53 Cal. 4th at 1026-27. Sanctioning the circumvention of the wage order, in an age where telephonic and digital technology makes it ever easier for workplace directives to creep into a worker's home life, would be against the public policy of California.

For the above reasons, the Court concludes that "reporting for work" may be accomplished telephonically. The motion to dismiss as applied to count one of the FAC is **denied**.

//

**ORDER DENYING MOTION FOR JUDGMENT ON THE . . . ^ 8**

**Claim (2): Failure to Pay Minimum Wage.** Plaintiff claims that she is owed minimum wages for the time spent calling-in to find out if she would be working shifts. In California, workers are owed wages when they are under the control of their employers or "suffered" to work. *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 586 (2000). Defendant argues that Plaintiff has not alleged facts sufficient to show that employees are not under the control of employers when they make their phone calls to check their work schedule. To Defendant, when calling in, a worker is not under an employer's control and is not working.

However, Plaintiff controls the facts in the complaint, which are assumed true. Nothing in the complaint indicates Plaintiff was not under the employer's control, especially since the Court draws inferences in Plaintiff's favor. The complaint alleges that the phone calls in question were with managers, and required by corporate policy at risk of company discipline. This plausibly puts the workers were under their employer's control at the time of the calls. Specific questions on factual circumstances are reserved for summary judgment or class certification.

Defendant offers a second reason to dismiss the minimum wage claim: that wages for time spans of less than ten minutes are de minimis legal trifles and not recoverable in federal court. *See, e.g.*, *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984) (when work involved is only a few minutes beyond what's scheduled, "such trifles may be disregarded"); *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057 (9th Cir. 2010) (ten minutes of time or less is de minimis). The Ninth Circuit has applied this de minimis rule to wage and hour claims based on California state law.

Plaintiff responds that this very question has been certified to the California Supreme Court, where the question is pending. *See Troester v. Starbucks Corp.*, 680 F. App'x 511, 514 (9th Cir. 2016) ("The *Mendiola* court reiterated earlier California Supreme Court precedent providing that 'courts should not incorporate

a federal standard concerning what time is compensable [a]bsent *convincing* evidence of the [state regulatory agency's] intent to incorporate such standards.") (internal quotations omitted). Because this suit will continue, the Court will deny the motion to dismiss on this claim at this time, subject to a motion to reconsider due to changes in existing law.

However, even if the California Supreme Court determines the de minimis rule applies, the actual determination if damages are de minimis is a factual inquiry. *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984) (enumerating factors to determine whether time at issue is *de minimis*, including "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work."). The factual allegations by Plaintiff show that some members of the putative class could have suffered damages that are legally recoverable. The Court **denies** the motion to dismiss this claim.

**Claims (3) Failure to Maintain Required Business Records; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay All Wages at Termination; (7) Unlawful Business Practices; (8) Unfair Business Practices; (9) Civil penalties Under PAGA.** These claims are all derivative claims from claim one. The parties agree that if the Court determines that the reporting time claims are legally insufficient, these claims would perish as well. Because the reporting time claims survive, these claims survive as well. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1058, 1066-67 (N.D. Cal. 2007).

**Claim (6) Failure to Reimburse Business Expenses.** California businesses are required to reimburse employees for "necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Lab. Code § 2802(a).

**ORDER DENYING MOTION FOR JUDGMENT ON THE . . . ^ 10**

Necessary means "reasonable under the circumstances," *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568 (2007), and an employer must have reason to know about the expense. *Stuart v. Radioshack Corp.*, 641 F. Supp. 2d 901, 903-04 (N.D. Cal. 2009). Plaintiff alleges that by requiring workers to use cellphones to call in for reporting, they have incurred costs which must be compensated.

Defendant argues that nothing requires the use of a cellphone to call in, and that such a choice is therefore a convenience chosen by employees, not a necessity. There are also no factual allegations that Defendant was aware that cellphones were being used, in violation of the requirement that management know about the expense.

Plaintiff responds that making calls was mandated by employer policy; calling in for a shift is the only way to find out if you are scheduled to work, as required by Defendant. Plaintiff states that this provides constructive knowledge that an expense of some kind will be necessary to schedule work and that expense is required by Defendant. "It is of no concern that the employee may pass on the expense to a family member['s phone] or to a carrier that has to write off a loss." *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

Defendant has not shown, as a matter of law, that telephone calls on cellphones were not necessary, and Plaintiff has alleged sufficient constructive knowledge. Using a cellphone to telephonically report to work is reasonable under the circumstances pleaded by Plaintiff. The motion to dismiss this claim is **denied**.

//
//
//
//
//
//
//

**ORDER DENYING MOTION FOR JUDGMENT ON THE . . . ^** 11

# CONCLUSION

For the reasons above, the Court denies the motion. Plaintiff's claims survive. The parties shall submit a stipulated schedule for briefing the motion for class certification.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion for Judgment on the Pleadings, ECF No. 21, is **DENIED**.

2. The parties shall submit a stipulated briefing schedule for any motion to certify a class by September 5, 2017.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of August, 2017.

*/s/ Stanley A. Bastian*
Stanley A. Bastian
United States District Judge