# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# AT SACRAMENTO

| | |
|---|---|
| ALEXANDRA BERNAL and ALEXIA HERRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUMIEZ, INC., and Does 1 through 10, inclusive,<br><br>Defendants. | No. 2:16-cv-01802-SB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** |

Before the Court is Defendant Zumiez Inc.'s Motion to Certify the Court's Order Denying Defendant's Motion for Judgment on the Pleadings and to Stay the Action Pending Appeal, ECF No. 32. A telephonic hearing with oral argument was held on October 4, 2017. Plaintiff was represented by Cody Kennedy and Stanley Saltzman, and Defendant by Nathan Austin. For the reasons stated herein, the Court grants Defendant's motion.

## BACKGROUND

On August 1, 2016, named Plaintiff Alexandra Bernal filed a class action complaint stating a cause of action for failure to pay reporting time pay under 8 Cal. Code Regs. tit. 8, § 11070(5)(A) and setting forth various derivative claims.

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** + 1

ECF No. 1. A First Amended Complaint was filed wherein Alexia Herrera was added as a named plaintiff; Alexandria Bernal left the case. ECF No. 11. On May 9, 2017, Defendant filed a Motion for Judgment on the Pleading. ECF No. 21. The Court denied the motion allowing each of Plaintiff's claims to survive. ECF No. 31. Defendant now moves for an Order certifying the Court's Order denying Defendant's motion for judgment on the pleadings pursuant to 28 U.S.C. § 1292(b) and seeks a stay of this action pending appeal. ECF No. 16.

## FACTS

Plaintiff brings suit on behalf of herself and all others who were required to use a telephone to check with their employer to see if they were scheduled to work; those who called in did so approximately one-hour before they would physically present for work. The calls would last between five and ten minutes and occurred approximately three or four times per week throughout the class period. Plaintiffs allege that fifty percent of the time, Defendant did not furnish any scheduled work or pay any portion of their scheduled shift.

Industrial Wage Commission Wage Order 7-2001[1] § 5(A), codified as 8 Cal. Code Regs. tit. 8, § 11070(5)(A) (the "wage order") provides:

> (A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

In its Order denying Defendant's motion for judgment on the pleadings, the Court held that the plain meaning of the wage order "supports the conclusion that

---

[1] This wage order governs the specific industry ("Mercantile") that Plaintiff is employed in.

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** + 2

telephonically calling in falls under the ambit of activity enforceable by the wage order"; reporting for work may be accomplished telephonically. ECF No. 31. The Court indicated that each of Plaintiff's other claims are derivative of the reporting time claim and that if the Court determined that the reporting time claims are legally insufficient, the derivative claims perish as well. Accordingly, the Court held that all of Plaintiff's other claims survive.

## STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district judge may permit an appeal be taken from a not otherwise appealable order where such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." An application for appeal under 28 U.S.C. § 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall order."

## DISCUSSION

Defendant asks that the Court certify its Order denying its motion for judgment on the pleadings for immediate interlocutory appeal and stay this case pending appeal. Plaintiff opposes the motion claiming that the Court's Order is not properly certifiable for interlocutory appeal under to 28 U.S.C. § 1292(b). As a threshold matter, the Court finds that Defendant's motion was timely filed within a reasonable period after entry of the Court's Order. *See, e.g.*, *Lopez v. Youngblood*, No. 1:07cv0474DLB, 2009 WL 2062883, at *4 (E.D. Cal. July 15, 2009).

**Controlling Question of Law**

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). A question of law need not be dispositive of the lawsuit in order to

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** + 3

be regarded as controlling. *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

At issue in this case is a pure legal question presented by the pleadings: does the wage order require workers to physically come to the workplace in order to report? As the Court made clear, an affirmative answer results in the survival of Plaintiff's claims; a contrary one necessitates dismissal of many of Plaintiff's causes of action. While an interlocutory appeal would not dispose of Plaintiff's entire case, § 1292 does not require such. *See Woodbury*, 263 F.2d at 787. All that is required is that an appeal could materially affect the outcome of the litigation. The Court is satisfied that resolution of whether Plaintiff has stated a cognizable claim under California labor law would materially affect the outcome of the litigation and finds that an appeal presents a controlling question of law.

**Substantial Ground for Difference of Opinion**

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.*

A substantial ground for difference of opinion has already been demonstrated. As Defendant points out, United States District Judge George H. Wu considered the exact question at issue in Defendant's motion for judgment on the pleadings and held that the wage order does not provide a remedy for failure to make reporting-time payments for call-in shifts. *Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKx), 2014 WL 12644922 (C.D. Cal. Dec. 1, 2014). Based on Judge Wu's Order, Plaintiff Casas, represented by the same law firm representing Plaintiff Herrera in the present matter, sought to certify the issue to

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** + 4

the Ninth Circuit. Judge Wu granted Plaintiff's motion to certify and stayed the action pending appeal. *Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKx), 2014 WL 13446989 (C.D. Cal. Apr. 9, 2015). The Ninth Circuit accepted the appeal but the case settled before oral argument.

The Court finds Judge Wu's reasoning compelling. He noted that the reporting time claim unquestionably presents a novel legal issue; neither the parties nor the court located a single on-point case addressing a similar claim. *Id.* at *2. Judge Wu opined that he "expect[ed] that at some point in time, [the reporting-time issue] is going to be appealed and some appellate court will say either I am right or wrong. But it is an interesting issue." *Id.* The Court agrees that this case presents a novel legal question and that an interlocutory appeal is appropriate in this instance. Indeed, the Ninth Circuit has demonstrated interest in taking up the issue. Moreover, Plaintiff's argument that the plain language of the wage order is unambiguous and that the law is clear is unpersuasive. This Court and Judge Wu came to opposite conclusions regarding Plaintiff's claims; therefore, a substantial ground for a difference of opinion exists.

**Materially Advance Termination of Litigation**

An interlocutory appeal need not have a "final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688. Here, an appeal may materially advance the litigation. As the Court noted in its Order denying Defendant's motion for judgment on the pleadings, Plaintiff's reporting time claim is central to this case; if the reporting time claim is legally insufficient, many of Plaintiff's other claims also fail. Resolution of this claim will advance the litigation and clarify the issues. Additionally, this putative class action is still in the pre-certification and pleading stage. No discovery deadline or trial date has been set. Accordingly, given the significance of the reporting time claim to Plaintiff's case and the early stage of the litigation, the Court concludes that interlocutory appeal may materially advance the litigation.

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** + 5

Given that Defendant has demonstrated all of the requirements of 28 U.S.C. § 1292(b) exist, the Court, in its discretion, certifies its Order Denying Motion for Judgment on the Pleadings, ECF No. 31, for immediate interlocutory appeal. Because acceptance and reversal on appeal will impact the next stages of the litigation, the Court enters a stay pending of appeal to promote efficiency and judicial economy.

## CONCLUSION

For the reasons stated herein and on the record, Defendant's Motion to Certify the Court's Order Denying Defendant's Motion for Judgment on the Pleadings and to Stay the Action Pending Appeal, ECF No. 32, is granted. The above-captioned case is stayed pending further Order of the Court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion to Certify the Court's Order Denying Defendant's Motion for Judgment on the Pleadings and to Stay the Action Pending Appeal, ECF No. 32, is **GRANTED**.

2. The above-captioned case is **STAYED** pending further Order of the Court.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 10th day of October 2017.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AND STAYING CASE** + 6