1   JACKSON LEWIS P.C.
    NATHAN W. AUSTIN (SBN 219672)
2   EVAN D. BEECHER (SBN 280364)
    400 Capitol Mall, Suite 1600
3   Sacramento, California 95814
    Telephone:     (916) 341-0404
4   Facsimile:     (916) 341-0141
    Email: nathan.austin@jacksonlewis.com
5          evan.beecher@jacksonlewis.com

6   Attorneys for Defendant
    ZUMIEZ INC.

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  ALEXIA HERRERA, individually and on behalf of all others similarly situated, | CASE NO.  2:16-CV-01802-SB |
| 11                            Plaintiffs, | **DEFENDANT ZUMIEZ INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| 12  vs. | |
| 13  ZUMIEZ, INC., and DOES 1 through 10, inclusive, | |
| 14 | Complaint Filed:            08.02.16 |
| 15                            Defendants. | Trial Date:                    Not Set |

16          Defendant ZUMIEZ INC. ("Defendant") without waiving its right to compel arbitration

17   hereby answers Plaintiff ALEXIA HERRERA's ("Plaintiffs") Second Amended Complaint

18   ("Complaint") as follows:

19          1.      In response to paragraph 1 of the Complaint, Defendant can neither admit nor deny

20   the material allegations contained therein because they are purely legal contentions for which no

21   admission or denial is required.

22          2.      In response to paragraph 2 of the Complaint, Defendant can neither admit nor deny

23   the material allegations contained therein because they are purely legal contentions for which no

24   admission or denial is required.

25          3.      In response to paragraph 3 of the Complaint, Defendant can neither admit nor deny

26   the material allegations contained therein because they are purely legal contentions for which no

27   admission or denial is required.

28   ///

                                                    1

**PARTIES**

4.　　In response to paragraph 4 of the Complaint, Defendant admits Plaintiff Herrera was an employee in its Chico store in 2014 and 2015. Defendant lacks sufficient knowledge or information to admit or deny the remaining material allegations contained therein and, on that basis, denies them.

5.　　In response to paragraph 5 of the Complaint, Defendant admits that it is a corporation under the laws of the State of Washington, with its principal place of business in Lynnwood, Washington.

6.　　In response to paragraph 6 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

7.　　In response to paragraph 7 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained therein and, on that basis, denies them. Defendant further responds to paragraph 7 that it can neither admit nor deny these allegations because they are purely legal contentions for which no admission or denial is required.

**JURISDICTION AND VENUE**

8.　　In response to paragraph 8 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

9.　　In response to paragraph 9 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required. However, Defendant admits that venue is proper in this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

10.　　In response to paragraph 10 of the Complaint, Defendant denies the allegations beginning on line 2 and continuing through the phrase "same manner." Defendant admits that its employees are scheduled to work. As to the remaining allegations of the paragraph, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained therein and, on that basis, denies them.

2

1    11.    In response to paragraph 11 of the Complaint, Defendant denies the allegations of

2    this paragraph.

3    12.    In response to paragraph 12 of the Complaint, Defendant denies the allegations of

4    this paragraph.

5    13.    In response to paragraph 13 of the Complaint, Defendant admits that a subset of its

6    employees called in to a store using a phone, and that Defendant did not provide phones for those

7    calls. Defendant lacks sufficient knowledge or information to admit or deny the remaining

8    material allegations contained therein and, on that basis, denies them.

9    14.    In response to paragraph 14 of the Complaint, Defendant denies the allegations of

10   this paragraph.

11   15.    In response to paragraph 15 of the Complaint, Defendant denies the allegations of

12   this paragraph.

13   16.    In response to paragraph 16 of the Complaint, Defendant denies the allegations of

14   this paragraph.

15   17.    In response to paragraph 17 of the Complaint, Defendant denies the allegations of

16   this paragraph.

17   18.    In response to paragraph 18 of the Complaint, Defendant lacks sufficient

18   knowledge or information to admit or deny the material allegations contained therein and, on that

19   basis, denies them.

20   19.    In response to paragraph 19 of the Complaint, Defendant denies the allegations of

21   this paragraph.

22   20.    In response to paragraph 20 of the Complaint, Defendant can neither admit nor

23   deny the material allegations contained therein because they are purely legal contentions for

24   which no admission or denial is required.

25   21.    In response to paragraph 21 of the Complaint, Defendant can neither admit nor

26   deny the material allegations contained therein because they are purely legal contentions for

27   which no admission or denial is required.

28   ///

3

Defendant Zumiez Inc.'s Answer to Plaintiff's Second
Amended Complaint

*Alexia Herrera, et al. v. Zumiez, Inc.*
Case No. 2:16-CV-01802-SB

22.     In response to paragraph 22 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

23.     In response to paragraph 23 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained therein and, on that basis, denies them.

24.     In response to paragraph 24 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

## CLASS ALLEGATIONS

25.     In response to paragraph 25 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

26.     In response to paragraph 26 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

27.     In response to paragraph 27 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

28.     In response to paragraph 28 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

29.     In response to paragraph 29 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

30.     In response to paragraph 30 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

31.     In response to paragraph 31 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

## FIRST CAUSE OF ACTION

32.     In response to paragraph 32 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

33.     In response to paragraph 33 of the Complaint, Defendant denies the allegations of this paragraph.

34.     In response to paragraph 34 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained therein and, on that basis, denies them.

35.     In response to paragraph 35 of the Complaint, Defendant denies that "call-in shifts are mandatory and employees must tailor their lives around the call-in schedule." As to the remaining allegations of this paragraph, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained therein and, on that basis, denies them.

36.     In response to paragraph 36 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

37.     In response to paragraph 37 of the Complaint, Defendant denies the allegations of this paragraph.

38.     In response to paragraph 38 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

39.     In response to paragraph 39 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

///

40.     In response to paragraph 40 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

## SECOND CAUSE OF ACTION

41.     In response to paragraph 41 of the Complaint, Defendant hereby incorporates by this reference its responses to paragraphs 1 - 40 of Plaintiffs' Complaint.

42.     In response to paragraph 42 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

43.     In response to paragraph 43 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

44.     In response to paragraph 44 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained on lines 18 through 20 of the paragraph beginning at "Plaintiffs" and ending at "scheduled shift," on that basis, denies them. Defendant denies all other allegations of the paragraph.

45.     In response to paragraph 45 of the Complaint, Defendant denies the allegations of this paragraph.

46.     In response to paragraph 46 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the material allegations contained therein and, on that basis, denies them.

47.     In response to paragraph 47 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

## THIRD CAUSE OF ACTION

48.     In response to paragraph 48 of the Complaint, Defendant hereby incorporates by this reference its responses to paragraphs 1 - 47 of Plaintiffs' Complaint.

///

49.     In response to paragraph 49 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

50.     In response to paragraph 50 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

51.     In response to paragraph 51 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

52.     In response to paragraph 52 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

**FOURTH CAUSE OF ACTION**

53.     In response to paragraph 53 of the Complaint, Defendant hereby incorporates by this reference its responses to paragraphs 1 - 52 of Plaintiffs' Complaint.

54.     In response to paragraph 54 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

55.     In response to paragraph 55 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

56.     In response to paragraph 56 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

57.     In response to paragraph 57 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

///

1

**FIFTH CAUSE OF ACTION**

2      58.    In response to paragraph 58 of the Complaint, Defendant hereby incorporates by

3   this reference its responses to paragraphs 1 - 57 of Plaintiffs' Complaint.

4      59.    In response to paragraph 59 of the Complaint, Defendant can neither admit nor

5   deny the material allegations contained therein because they are purely legal contentions for

6   which no admission or denial is required.

7      60.    In response to paragraph 60 of the Complaint, Defendant admits Plaintiffs

8   separated from employment, but denies that Plaintiffs were separated from employment in March

9   and August of 2015. For the remaining allegations of this paragraph, Defendant can neither admit

10  nor deny the material allegations contained therein because they are purely legal contentions for

11  which no admission or denial is required.

12     61.    In response to paragraph 61 of the Complaint, Defendant can neither admit nor

13  deny the material allegations contained therein because they are purely legal contentions for

14  which no admission or denial is required.

15

**SIXTH CAUSE OF ACTION**

16     62.    In response to paragraph 62 of the Complaint, Defendant hereby incorporates by

17  this reference its responses to paragraphs 1 - 61 of Plaintiffs' Complaint.

18     63.    In response to paragraph 63 of the Complaint, Defendant can neither admit nor

19  deny the material allegations contained therein because they are purely legal contentions for

20  which no admission or denial is required.

21     64.    In response to paragraph 64 of the Complaint, Defendant can neither admit nor

22  deny the material allegations contained therein because they are purely legal contentions for

23  which no admission or denial is required.

24     65.    In response to paragraph 65 of the Complaint, Defendant can neither admit nor

25  deny the material allegations contained therein because they are purely legal contentions for

26  which no admission or denial is required.

27  ///

28  ///

1     66.     In response to paragraph 66 of the Complaint, Defendant can neither admit nor

2 deny the material allegations contained therein because they are purely legal contentions for

3 which no admission or denial is required.

4 **SEVENTH CAUSE OF ACTION**

5     67.     In response to paragraph 67 of the Complaint, Defendant hereby incorporates by

6 this reference its responses to paragraphs 1 - 66 of Plaintiffs' Complaint.

7     68.     In response to paragraph 68 of the Complaint, Defendant can neither admit nor

8 deny the material allegations contained therein because they are purely legal contentions for

9 which no admission or denial is required.

10     69.     In response to paragraph 69 of the Complaint, Defendant can neither admit nor

11 deny the material allegations contained therein because they are purely legal contentions for

12 which no admission or denial is required.

13     70.     In response to paragraph 70 of the Complaint, Defendant can neither admit nor

14 deny the material allegations contained therein because they are purely legal contentions for

15 which no admission or denial is required.

16     71.     In response to paragraph 71 of the Complaint, Defendant can neither admit nor

17 deny the material allegations contained therein because they are purely legal contentions for

18 which no admission or denial is required.

19     72.     In response to paragraph 72 of the Complaint, Defendant can neither admit nor

20 deny the material allegations contained therein because they are purely legal contentions for

21 which no admission or denial is required.

22     73.     In response to paragraph 73 of the Complaint, Defendant lacks sufficient

23 knowledge or information to admit or deny the material allegations contained on lines 23 through

24 26 ending at "expert evidence" and, on that basis, denies them. As to the remaining allegations of

25 the paragraph, Defendant can neither admit nor deny the material allegations contained therein

26 because they are purely legal contentions for which no admission or denial is required.

27 ///

28 ///

Defendant Zumiez Inc.'s Answer to Plaintiff's Second
Amended Complaint

*Alexia Herrera, et al. v. Zumiez, Inc.*
Case No. 2:16-CV-01802-SB

74.     In response to paragraph 74 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

**EIGHTH CAUSE OF ACTION**

75.     In response to paragraph 75 of the Complaint, Defendant hereby incorporates by this reference its responses to paragraphs 1 - 74 of Plaintiffs' Complaint.

76.     In response to paragraph 76 of the Complaint, Defendant denies the allegations of this paragraph.

77.     In response to paragraph 77 of the Complaint, Defendant denies the allegations of this paragraph.

78.     In response to paragraph 78 of the Complaint, Defendant denies the allegations of this paragraph.

79.     In response to paragraph 79 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

80.     In response to paragraph 80 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

81.     In response to paragraph 81 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

82.     In response to paragraph 82 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

83.     In response to paragraph 83 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

///

84.     In response to paragraph 84 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

85.     In response to paragraph 85 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

86.     In response to paragraph 86 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

87.     In response to paragraph 87 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

## NINTH CAUSE OF ACTION

88.     In response to paragraph 88 of the Complaint, Defendant hereby incorporates by this reference its responses to paragraphs 1 - 87 of Plaintiffs' Complaint.

89.     In response to paragraph 89 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

90.     In response to paragraph 90 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

91.     In response to paragraph 91 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

92.     In response to paragraph 92 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

///

93.     In response to paragraph 93 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

94.     In response to paragraph 94 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

95.     In response to paragraph 95 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

96.     In response to paragraph 96 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

97.     In response to paragraph 97 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

98.     In response to paragraph 98 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

99.     In response to paragraph 99 of the Complaint, Defendant can neither admit nor deny the material allegations contained therein because they are purely legal contentions for which no admission or denial is required.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, and to the various causes of action thereof, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fail to state facts sufficient to constitute a cause of action against Defendant.

///

12

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are barred in whole or in part by the applicable statute of limitations, including but not limited to Code of Civil Procedure sections 337, 338, 339 and 340, and Business and Professions Code section 17208, to the extent the conduct complained of occurred outside the time frames set forth in those statutes.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are barred, settled and/or released in whole or in part, and/or recovery is precluded in whole or in part, to the extent there are settlements, judgments and/or resolutions in other legal actions brought against Defendant by or on behalf of Plaintiffs and/or any alleged putative class members or to the extent there have been voluntary payments by Defendant with respect to some or all of the claims asserted in Plaintiffs' Complaint, or to the extent there are releases of claims in exchange for severance packages or other consideration provided by Defendant to Plaintiffs and/or any alleged putative class members. Moreover, Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is barred by the doctrine of payment, or the doctrine of payment limits and reduces Plaintiffs' alleged damages, to the extent Plaintiffs and the alleged putative class members accepted payment in full discharge of Defendant's obligations. Without limiting the generality of this Affirmative Defense, Defendant alleges that to the extent Plaintiffs and/or any alleged putative class members have voluntarily settled and released all or portions of their purported claims, they are barred from pursuing these claims, or portions of claims subject to settlements entered with Defendant ZUMIEZ, INC. in the case of *Steele v. Zumiez, Inc.*, San Francisco Superior Court, Case No. CGC-13-528786.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint as a whole, and each purported cause of action alleged therein, are barred to the extent Plaintiffs lack standing to bring the instant action on behalf of themselves or other unnamed putative class members.

///

1

**FIFTH AFFIRMATIVE DEFENSE**

2      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are

3  barred to the extent Plaintiffs and alleged putative class members failed to exhaust their

4  administrative remedies and/or failed to take steps required by the California Labor Code prior to

5  filing this action.

6

**SIXTH AFFIRMATIVE DEFENSE**

7      Defendant is informed and believes and thereon alleges that Plaintiffs are barred from

8  recovering any damages, or any recovery must be reduced, by virtue of Plaintiffs and the alleged

9  aggrieved employees' failure to exercise reasonable diligence to mitigate their alleged damages.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11      Defendant is entitled to a set-off for any amounts Plaintiffs and the alleged putative class

12  members owe Defendant for receipt of any wages and other benefits to which they were not

13  entitled and/or did not earn.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15      Plaintiffs and the alleged putative class members are not entitled to duplicative recovery

16  under the purported causes of action alleged in the Complaint.

17

**NINTH AFFIRMATIVE DEFENSE**

18      Defendant is informed and believes and thereon alleges that any recovery on Plaintiffs'

19  Complaint as a whole, or on each purported cause of action alleged therein, is barred by

20  California Labor Code sections 2854 and 2856 to the extent Plaintiffs and the putative class

21  members failed to use ordinary care and diligence in the performance of their duties and failed to

22  comply substantially with the reasonable directions of their employer.

23

**TENTH AFFIRMATIVE DEFENSE**

24      Plaintiffs First, Second, Fifth, Seventh and Ninth Causes of Action are barred because

25  Plaintiffs and the alleged putative class members have been paid all monies due and owing to

26  them, including straight time and overtime pay and all other payments required under the

27  California Labor Code and the applicable orders of the Industrial Welfare Commission.

28  ///

14

1

### ELEVENTH AFFIRMATIVE DEFENSE

2    Plaintiffs' claims are barred pursuant to the Eighth Amendment to the United States

3 Constitution and Article I, Section 17 of the California Constitution to the extent Labor Code

4 sections 201, 202, 203, 210, 221, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2800, and

5 2802, Business and Professions Code section 17200 *et seq.*, and other applicable statutes operate

6 to impose excessive fines and/or are confiscatory, unconstitutionally vague, arbitrary or

7 oppressive.

8

### TWELFTH AFFIRMATIVE DEFENSE

9    Plaintiffs' claims for waiting time penalties under Labor Code sections 201 through 203

10 are barred, in whole or in part, because Defendant's alleged conduct was not willful.

11

### THIRTEENTH AFFIRMATIVE DEFENSE

12    Any recovery on Plaintiffs' Complaint with respect to the allegations for failure to pay

13 wages is barred to the extent Plaintiffs and the alleged putative class members failed to work

14 and/or to record all time worked as reasonably expected and required by Defendant.

15

### FOURTEENTH AFFIRMATIVE DEFENSE

16    Plaintiffs' claim for penalties under Labor Code sections 226 and/or 226.3 are barred, in

17 whole or in part, because Defendant's alleged conduct was not knowing and intentional, and

18 because Plaintiffs and the alleged putative class members did not suffer injury as a result of

19 Defendant's alleged noncompliance with Section 226 and/or Section 226.3.

20

### FIFTEENTH AFFIRMATIVE DEFENSE

21    Plaintiffs' claim alleging unfair business practices under Business and Professions Code

22 section 17200 *et seq.* is barred because the alleged practices are not unfair, unlawful or

23 fraudulent.

24

### SIXTEENTH AFFIRMATIVE DEFENSE

25    Plaintiffs are not entitled to monetary damages, attorneys' fees or penalties under Business

26 and Professions Code section 17200 *et seq.*, because such relief is barred by these very statutes

27 and other legal authority.

28 ///

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations of Plaintiffs' Complaint, but rather expressly denying them, Defendant alleges that Plaintiffs' purported Eighth Cause of Action, alleging unfair business practices under Business and Professions Code section 17200 *et seq.* ("UCL"), is barred because the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Seventh and Eighth Cause of Action, alleging unfair and unlawful business practices under Business and Professions Code section 17200 *et seq.*, is barred because Plaintiffs are former employees who lack standing to pursue such claims, and because the alleged practices are not unfair, unlawful or fraudulent.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Seventh and Eighth Cause of Action under California Business and Professions Code section 17200 *et seq.* is barred to the extent they seek recovery or remedies unavailable under the UCL.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are barred by the doctrines of laches, estoppel, waiver and unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are barred, in whole or in part, because Plaintiffs unreasonably failed to prevent or to avoid such harm and/or to diminish the extent of the harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not and cannot satisfy the requirements for certification of a class pursuant to Code of Civil Procedure section 382 and/or Federal Rules of Civil Procedure, rule 23.

///

///

1

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

2      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are

3 not appropriate for class certification because Plaintiffs are not able to fairly and adequately

4 represent and protect the interests of all members of the class as a whole, and/or any subclasses

5 within the class as a whole.

6 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

7      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are

8 not appropriate for class certification because the interests of Plaintiffs are in conflict with the

9 interests of all or certain of the alleged class members whom Plaintiffs seek to represent.

10 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

11      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is not

12 appropriate for class certification because the liability issues raised by the Complaint require a

13 detailed, fact-specific and individualized inquiry that must be decided employee by employee, for

14 each and every day and/or workweek.

15 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

16      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are

17 not appropriate for class certification because the facts and law common to the case are

18 insignificant compared to the individual facts and issues particular to Plaintiffs and the alleged

19 putative class members.

20 **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, are

22 not appropriate for class certification because the class as a whole, and/or any subclasses within

23 the class as a whole, are not sufficiently numerous.

24 **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is not

26 appropriate for class certification because the claims of Plaintiffs are not typical of the claims of

27 the alleged putative class members, and therefore, Plaintiffs are not an adequate representative of

28 the alleged putative class members.

17

1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

2   Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is not

3 appropriate for class certification because Plaintiffs fail to satisfy the prerequisites for class

4 certification, and as such, Plaintiffs lack standing and cannot represent the interests of others as to

5 each of the purported causes of action.

6

### THIRTIETH AFFIRMATIVE DEFENSE

7   Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is not

8 appropriate for class certification because, with respect to the type of claims alleged by Plaintiffs

9 on behalf of themselves and the alleged putative class, the existence of which is expressly denied,

10 individual questions predominate.

11

### THIRTY-FIRST AFFIRMATIVE DEFENSE

12   Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is not

13 appropriate for class certification because a far speedier administrative remedy before the

14 California State Labor Commissioner is available to Plaintiffs and each alleged putative class

15 member, and thus class treatment is not the superior method for resolving the claims set forth in

16 the Complaint.

17

### THIRTY-SECOND AFFIRMATIVE DEFENSE

18   Defendant hereby requests and is entitled to recover reasonable attorneys' fees and costs

19 to the extent applicable, as the prevailing party pursuant to Labor Code section 218.5 upon

20 judgment thereon in its favor, or upon any other applicable statute.

21

### THIRTY-THIRD AFFIRMATIVE DEFENSE

22   Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the

23 Complaint because Plaintiffs and the alleged putative class members have suffered no irreparable

24 injury based on any alleged conduct of Defendant, and Plaintiffs have an adequate remedy at law

25 for any such conduct.

26 ///

27 ///

28 ///

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2      Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein,

3  should be dismissed or stayed because Plaintiffs are subject to a written arbitration agreement

4  requiring them to submit any employment-related disputes to final and binding arbitration.

5      Plaintiff's Ninth Cause of Action for penalties under the Private Attorneys General Act

6  (California Labor Code section 2698, et seq.) ("PAGA") is barred, in whole or in part, because

7  Plaintiff and the alleged aggrieved employees failed to exhaust administrative remedies and/or

8  failed to take steps required to initiate this action, including but not limited to by California Labor

9  Code section 2699.3.

10

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

11      Plaintiff's Ninth Cause of Action for PAGA penalties is barred, in whole or in part, to the

12  extent Plaintiff lacks standing to maintain such a cause of action.

13

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

14      Without admitting the allegations of Plaintiff's Complaint, but rather expressly denying

15  them, recovery, if any, on Plaintiff's claims for PAGA penalties is barred, in whole or in part,

16  because any such penalties would be unjust, arbitrary and oppressive based on Defendant's good-

17  faith efforts to comply with the California Labor Code (see *Carrington v. Starbucks Corp.*, 30

18  Cal.App.5th 504, 529 (2018)) and such penalties would be excessive in relation to Defendants'

19  ability to pay (*see Bernstein v. Virgin America, Inc.*, 2019 U.S.Dist.LEXIS 13253, *20-21 (2019);

20  *Amaral v. Cintas*, 163 Cal.App.4th 1157, 1214 (2008)).

21

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22      Plaintiff's Complaint as a whole, and/or each purported cause of action alleged therein, is

23  barred, in whole or in part, because it violates Defendant's right to due process.  These causes of

24  action are not susceptible to common proof, are fact intensive, and require highly individualized

25  inquiries into liability.  As such, adjudicating these claims on a class basis present intractable

26  management issues that deprive Defendant of its right to a fair trial.

27  ///

28  ///

19

1  **WHEREFORE**, Defendant prays for judgment as follows:

2  1.  That Plaintiffs take nothing by his Complaint;

3  2.  That the Complaint be dismissed in its entirety with prejudice;

4  3.  That Plaintiffs' request for class certification be denied

5  4.  That Plaintiffs be denied each and every demand and prayer for relief contained in

6  the Complaint;

7  5.  For cost of suits incurred herein, including reasonable attorneys' fees; and

8  6.  For such other and further relief as the Court deems just and equitable.

9  Dated:  September 18, 2020                    JACKSON LEWIS P.C.

10                                    By: */s/ Nathan W. Austin*
                                          NATHAN W. AUSTIN

11                                    Attorneys for Defendant
12                                    ZUMIEZ INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28