UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| ALEXIA HERRERA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ZUMIEZ, INC., and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. 2:16-CV-01802-SB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

    Before the Court is the parties' Motion for Preliminary Approval of Class Action Settlement, ECF No. 73. The Court heard oral argument on the motion on April 26, 2022 by videoconference. Plaintiff was represented by Cody Kennedy, who appeared by video. Defendant was represented by Nathan Austin, who appeared by video.

    At the hearing, the parties indicated that they both agreed to the proposed terms of the class action settlement. Thus, based on both the parties' arguments and the Court's own review of the settlement agreement, the Court orally granted the motion for preliminary approval. The Court now enters the parties' proposed order into the record.

//

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 1**

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court grants preliminary approval of the Settlement and the Settlement Class based upon the terms set forth in the Joint Stipulation of Class Action Settlement and Release ("Stipulation of Settlement") filed herewith. All terms used herein shall have the same meaning as defined in the Stipulation of Settlement.

2. The Settlement set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant, for a Gross Settlement Amount of $2,800,000, appears to be fair, adequate and reasonable to the Class. The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court. It further appears that investigation and research have been conducted such that counsel for the Parties are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations. The Parties are ordered to carry out the settlement according to the terms of the Settlement Agreement and in conformity with this Order. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the monetary settlement awards made available to Class Members is fair, adequate, and reasonable when balanced against the probable outcome of further litigation relating to certification, liability, and damages issues.

3. A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees to Class Counsel, costs of administration and the Class Representative's Enhancement Award should be finally approved as fair,

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 2**

1 reasonable and adequate as to the members of the Class is scheduled in Department 39 on the date and time set forth in the implementation schedule below.

4. This Court approves, as to form and content, the Notice of Proposed Class Action Settlement ("Class Notice") (**Exhibit A**). The Court approves the procedure for Class Members to opt out of, or to object to, the Settlement as set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant, and the Class Notice.

5. The Court directs the mailing of the Class Notice by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Class Notice, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6. Specifically, the Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) the nature of the Action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) Named Plaintiff's and Class Counsel's applications for the class representative's Enhancement Award, and Class Counsel's request for attorneys' fees and litigation costs; (3) a formula used to determine the Class Member's estimated Settlement Award payment; (4) how to participate in the Settlement; (5) how to object to the Settlement or to opt-out if a Class Member wishes to do so, and Class Members' right to appear through counsel if they desire; and (6) how to obtain additional information regarding the Action and the Settlement. The Court finds that the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) satisfied, and that the Class Notice that will be provided adequately advises Class Members of their rights under the settlement. Counsel for the Parties are authorized to correct any typographical errors in the Class Notice and to make clarifications, to the extent the same are found or needed,

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 3**

so long as such corrections do not materially alter the substance of the documents. The Court further finds that the distribution of the Class Notice substantially in the manner and form set forth in the Stipulation of Settlement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court orders the mailing of the Notice Packet by first class mail, pursuant to the terms set forth in the Agreement.

7. It is ordered that the Settlement Class is preliminarily certified for settlement purposes only. For Settlement purposes only, the Court conditionally certifies the following Class: all persons who are employed or have been employed by Defendant in California as "hourly employees" for the period August 1, 2012 through June 3, 2016. The Class Period is from August 1, 2012 through June 3, 2016.

8. The Court concludes that, for settlement purposes only, the Class meets the requirements for certification under Rule 23(b)(3) in that: (a) the Class is ascertainable and so numerous that joinder of all Class Members is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the Class Members with respect to the subject matter of the litigation; (c) the claims of the named Plaintiff are typical of the claims of the Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Class Members; (e) a class action is superior to other available methods for the efficient adjudication of this controversy; and (f) counsel for the Class is qualified to act as counsel for the Class.

9. The Court confirms Plaintiff Alexia Herrera as Class Representative, and Marlin & Saltzman as Class Counsel.

10. The Court confirms the appointment of Simpluris as the Settlement Administrator.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 4**

1. 11. To facilitate administration of the Settlement pending final approval, the Court hereby enjoins Plaintiff and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the Division of Labor Standards Enforcement of the California Department of Industrial Relations) regarding claims released by the Settlement, unless and until such Class Members have filed valid Requests for Exclusion with the Settlement Administrator.

12. The Court orders the following Implementation Schedule for further proceedings:

| | |
|---|---|
| Deadline for Defendant to Submit Class Member Information to Settlement Administrator | [14 calendar days after Order granting Preliminary Approval] |
| Deadline for Settlement Administrator to Mail Notice and Notice of Settlement Award Form to Class Members | [30 calendar days after Order granting Preliminary Approval] |
| Deadline for Class Members to Postmark Requests for Exclusion | [30 calendar days after mailing of the Notice] |
| Deadline for Receipt by Court, Settlement Administrator, and Counsel of any Objections to Settlement | [30 calendar days after mailing of the Notice] |
| Deadline for Class Counsel to file Motion for Final Approval of Settlement, including Request for Attorneys' Fees, Costs, and Enhancement Award | [16 Court days before Final Approval Hearing] |
| Deadline for Settlement Administrator to file Declaration of Due Diligence and Proof of Mailing | [16 Court days before Final Approval Hearing] |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 5**

| | |
|---|---|
| Deadline for Defendant to provide written Notice of Rescission of Settlement to Class Counsel (if applicable) | [14 calendar days before Final Approval Hearing, provided number and percentage of opt outs previously provided to Defendant] |
| Final Fairness Hearing and Final Approval | June 21, 2022; 10:00 a.m. Videoconference |
| Deadline for Defendant to fund Settlement (if Settlement is Effective) | 10 calendar days after Effective Date] |
| Deadline for Defendant to Pay Attorneys' Fees and Litigation Costs (if Settlement is Effective) | [15 calendar days after Effective Date] |
| Deadline for Settlement Administrator to mail the Settlement Awards and the Enhancement Award, and to wire transfer the Attorneys' Fees and Costs (if Settlement is Effective) | [15 calendar days after Effective Date] |
| Deadline for Class Members to cash Settlement Award checks (if Settlement is Effective) | [180 calendar days after Settlement Administrator mails the Settlement Awards and the Enhancement Awards] |
| Deadline for Settlement Administrator to distribute uncashed check amount to State of California Unclaimed Wages Fund or *cy pres* beneficiary as applicable (if Settlement is Effective) | [Within 14 calendar days after the deadline for Class Members to cash Settlement Award checks] |
| Settlement Administrator to File Proof of Payment of Settlement Awards, Enhancement Award, Attorneys' Fees and Costs, *cy pres* payment, and payment to the LWDA (if Settlement is Effective) | [Within 21 days calendar days after the deadline for Settlement Administrator to pay uncashed check amount to State of California Unclaimed Wages Fund or *cy pres* beneficiary as applicable] |

13.  The Court reserves the right to adjourn or continue the date of the final approval hearing and all dates provided for in the Agreement without further

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 6**

notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

14. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those contemplated herein and in the Stipulation of Settlement, and pertaining to the administration of the settlement of the Action.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 4th day of May 2022.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 7**

# EXHIBIT A

## Class Notice

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT # 8

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL APPROVAL

*ALEXIA HERRERA v. ZUMIEZ, INC.*
(United States District Court for the Eastern District of California, Case No. 2:16-cv-1802-TLN-KJN)

**Please read this Notice carefully. This Notice relates to a proposed settlement of class action litigation. This Notice contains important information about your right to receive a payment from the Settlement fund.**

You have received this Notice of Class Action Settlement because Zumiez Inc.'s ("Zumiez") records show you are a "Class Member," and therefore entitled to a payment from this class action Settlement. On _____, Judge Stanley A. Bastian of the U.S. District Court for the Eastern District of California granted preliminary approval of this class action Settlement and ordered that all Class Members be notified of the Settlement.

**If you wish to be a part of the Settlement, and to receive a settlement payment, you do not need to do anything further. However, your options are discussed in more detail below.** The Final Fairness and Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _____ __.m. on _____, in Courtroom 2, 15th Floor, of the U.S. District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, California 95814. You are not required to attend the Hearing, but you are welcome to do so.

## What Is This Case About?

Alexia Herrera worked at Zumiez as an hourly employee. She is the "Plaintiff" and she is suing on behalf of herself and all Class Members (defined below). Plaintiff sued Zumiez for violations of the California Labor Code and Business and Professions Code including: (1) Failure to Pay Reporting Time; (2) Failure to Pay Minimum Wage; (3) Failure to Maintain Required Business Records; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay All Wages Earned At Termination; (6) Failure to Reimburse Business Expenses; (7) Unlawful Business Practices; (8) Unfair Business Practices; (9) Civil Penalties Under the Private Attorney General Act ("PAGA").

On _____, the parties negotiated a Settlement on behalf of themselves and the Class Members with the assistance of a class action mediator. The parties' agreement has been documented in a proposed Joint Stipulation of Settlement ("Joint Stipulation").

Zumiez has not admitted any liability, and the U.S. District Court has made no ruling on the merits of Plaintiff's claims. The Court has only preliminarily approved the proposed Joint Stipulation. The Court will decide whether to give final approval to the Settlement at the Final Fairness and Approval Hearing.

Plaintiff's attorney is the law firm Marlin & Saltzman ("Class Counsel"). Class Counsel has investigated and researched the facts and circumstances underlying the issues raised in this case and the applicable law. While Class Counsel believes Plaintiff's claims in this lawsuit have merit, Class Counsel also recognizes that the risk and expense of continued litigation justify settlement. Because of this, Class Counsel believes the proposed Settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

**Questions?  Contact the Settlement Administrator toll free at 1-___-___-____**

Zumiez has denied, and continues to deny, Plaintiff's factual and legal allegations. Zumiez believes this case has no merit. By agreeing to settle, Zumiez is not admitting liability on any of the factual allegations or claims in this case or that this case can or should proceed as a class action. Zumiez has agreed to settle this case solely for economic efficiency.

## Summary of the Settlement Terms

Plaintiff and Zumiez have agreed to settle this case on behalf of themselves and the Class Members in exchange for the Maximum Settlement Amount of up to two million and eight hundred thousand dollars ($2,800,000.00). The Maximum Settlement Amount includes: (1) Individual Settlement Awards to participating Class Members; (2) Settlement Administration Costs estimated to be no more than $30,000; (3) a service payment of no more than $25,000.00 to Plaintiff Alexia Herrera for her time and efforts in pursuing this case and in exchange for a general release of claims against Zumiez; (4) a $120,000.00 payment to the California Labor and Workforce Development Agency for settlement of the PAGA claims; and (5) subject to Court approval of an application for fees and costs, an award of up to $933,333.33 in attorneys' fees and litigation costs and expenses to Class Counsel. After deducting the Settlement Administration Costs, the service payment to Plaintiffs, the payment to the California Labor and Workforce Development Agency, and attorneys' fees and costs/expenses, a total of approximately $_____ will be available for distribution to Class Members who participate in the Settlement ("Net Settlement Amount"). **Class Members are not required to take any action to receive a payment under the Settlement.**

## Plan of Distribution to Class Members

A "Class Member" includes all persons who are employed or have been employed by Defendant in California as "hourly employees" for the period August 1, 2012 through June 3, 2016 (the "Settlement Class" or the "Class Members"). The Settlement Class does not include any person who previously settled or released any of the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement.

Each Class Member's Individual Settlement Award will be based on the number of weeks worked by each participating Class Member according to Zumiez's records during that time period excluding any weeks which were covered by any prior settlements.

According to Zumiez's records, you worked ____ eligible workweeks as a Class Member. Those workweeks were determined by dividing the total days employed as a Class Member by seven during the Class Period divided by seven with partial workweeks rounded up. For each workweek, you will receive $____. Your estimated payment is approximately $_____. This number may change depending on how many Class Members participate in the Settlement.

If you believe the information provided above as to the number of weeks you worked as a Class Member is incorrect and wish to dispute it, you must contact the Settlement Administrator at _____ no later than 45 days after the date this Notice of Class Action Settlement was mailed to you. If you dispute the information stated above, the information Zumiez provided to the Settlement Administrator will control unless you are able to provide documentation that establishes otherwise.

**Questions?  Contact the Settlement Administrator toll free at 1-___-___-____**

**Class Member Tax Matters**

IRS Forms W-2 and 1099 will be distributed to participating Class Members and the appropriate taxing authorities reflecting the payments Class Members receive under the Settlement.  Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement. For purposes of the Overtime Settlement Class, one third of each Individual Settlement Award shall be allocated as wages for which IRS Forms W-2 will be issued, one third will be allocated to alleged unpaid penalties for which IRS Forms 1099-MISC will be issued, and one third will be allocated as interest for which IRS Forms 1099-MISC will be issued.

Please consult a tax advisor regarding the significance of how each Individual Settlement Award is allocated among wages, penalties and interest.  This notice is not intended to provide legal or tax advice.  To the extent this notice or any of its attachments is interpreted to contain or constitute advice regarding any United States or Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code.

**Your Options Under the Settlement**

**Option 1 –** *Participate in the Settlement*

If you want to receive your payment from the Settlement, you do not need to do anything further.

If you choose **Option 1** and if the Court grants final approval of the Settlement, you will be mailed a check for your share of the Settlement funds.

In addition, you will be deemed to have released or waived the following claims if you receive your share of the Settlement funds as a member of the Settlement Class ("Released Claims):

> All claims for (1) alleged failure to pay reporting time pay under 8 CCR § 11070(5); Labor Code § 558; (2) failure to pay minimum wage under Labor Code §§ 1182.11, 1182.12, 1194, 1194, 1194.2, 1197, and Industrial Welfare Commission ("IWC" Order No. 5-2001); (3) failure to maintain required business records under Labor Code §§ 1174, 1174.5, and the applicable Wage Order; (4) failure to provide accurate and itemized wage statements under Labor Code §§ 226, 226.3; (5) failure to pay all wages earned upon termination under Labor Code §§ 200-203; (6) failure to reimburse business expenses under Labor Code § 2802; (7) violation of Business & Professions Code section 17200 et seq. including, but not limited to, all claims for unfair, unlawful and harmful conduct to class members, the general public and Defendant's competitors and claims of unlawfully gaining an unfair advantage over other businesses; and (8) PAGA claims for civil penalties due to any Labor Code violations by Defendant including, but not limited to, Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2800 and 2802,  and Industrial Welfare Commission Wage Order No. 5-2001; (9) interest; and (10) attorneys' fees and costs.

**Option 2 –** *Opt Out of the Settlement*

If you do not wish to participate in the Settlement and you do not wish to receive any settlement payment, you may exclude yourself from participating by submitting a written request to be excluded from the class, to the

**Questions?   Contact the Settlement Administrator toll free at 1-___-___-____**

Page 3

Settlement Administrator.  Your written request must expressly and clearly indicate that you have received this Notice of Class Action Settlement, you do not want to participate in the Settlement, and you desire to be excluded from the Settlement.  The written request for exclusion must include your name, address, telephone number, and last four digits of your Social Security Number.  Sign, date, and mail your written request for exclusion by U.S. First-Class Mail or equivalent, to the address below.

**NAME**
**ADDRESS**
**CITY, STATE ZIP**

The written request to be excluded from the Settlement must be postmarked to the Settlement Administrator not later than [45 days after mailing date]. If you submit a request for exclusion which is postmarked after [45 days after mailing date], your request for exclusion will be rejected, and you will be included in the Settlement class.

If you choose **Option 2**, you will no longer be a Class Member. Therefore, you (1) will not receive any payment from the Settlement, (2) will not be deemed to have released any claims due to this Settlement, and (3) will be barred from filing an objection to the Settlement.

**Option 3 –** *File an Objection to the Settlement*

If you wish to object to the Settlement because you find it unfair or unreasonable, you may file an objection in writing stating why you object to the Settlement.  Your objection must provide:  your full name, address and telephone number, the last four digits of your Social Security Number, the dates you were employed as an hourly employee by Zumiez in California, and your objections to the Settlement including each specific reason in support of each objection and any legal support for each objection.  Your objection must be mailed to the Settlement Administrator at the address listed below:

All objections must be mailed to the Settlement Administrator not later than [45 days after mailing of notice].  Late objections will not be considered.  By mailing an objection, you are not excluding yourself from the Settlement. To exclude yourself from the Settlement, you must follow the directions described above in Option 2.  Please note that you cannot both object to the Settlement and exclude yourself.  You must choose one option only.

You may, if you wish, also appear at the Final Fairness and Approval Hearing set for _____ at _____ __.m. in Courtroom 2, 15th Floor, of the U.S. District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, California 95814, and discuss your objections with the Court and the Parties at your own expense.  You may also retain an attorney to represent you at the Hearing at your own expense.

**Additional Information**

This Notice of Class Action Settlement is only a summary of this case and the Settlement.  For a more detailed statement of the matters involved in this case and the Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement, and other papers filed in this case, which may be inspected at the Office of the

**Questions?  Contact the Settlement Administrator toll free at 1-___-___-____**

Page 4

Clerk of U.S. District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, California 95814, during regular business hours of each court day.

All inquiries by Class Members regarding this Notice of Class Action Settlement and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, ZUMIEZ, OR ZUMIEZ'S ATTORNEYS WITH INQUIRIES.**

**Questions?   Contact the Settlement Administrator toll free at 1-___-___-____**

Page 5