UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| ALEXIA HERRERA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZUMIEZ, INC., and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | No. 2:16-CV-01802-SB<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND INCENTIVE AWARD** |

Before the Court is the parties' Motion for Final Approval of Class Action Settlement, ECF No. 79, and Plaintiff's Motion for Attorney's Fees, Costs, and Incentive Award, ECF No. 80. The Court heard oral argument on the motions on July 26, 2022 by videoconference. Plaintiff was represented by Cody Kennedy, who appeared by video. Defendant was represented by Nathan Austin, who appeared by video.

At the hearing, Plaintiff stated that—after the Court granted preliminary approval of the class action settlement on May 6, 2022—the parties gave due and adequate notice to all class action members. Plaintiff stated that, in response to this notice, only one class member submitted a request for exclusion. Finally, Plaintiff

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 1**

stated that no other parties object to either the class action settlement or the request for attorney's fees, costs, or incentive award. Thus, based on both the parties' arguments and the Court's own review of the settlement agreement and request for fees, costs, and incentive award, the Court orally granted the motions. The Court now enters the parties' proposed order into the record.

Accordingly, **IT IS HEREBY ORDERED**:

1. All terms used herein shall have the same meaning as defined in the Joint Stipulation of Class Action Settlement and Release ("Stipulation of Settlement"), ECF No. 73-1, Exhibit 1.

2. "Settlement Class" and "Class Members" shall mean the following: persons who are employed or have been employed by Defendant in California as hourly employees from August 1, 2012 through June 3, 2016. The Settlement Class, however, shall not include any person who previously settled or released any of the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement, or any person who submits a timely and valid Request for Exclusion as provided in this Settlement. The "Class Period" shall be August 1, 2012 through June 3, 2016. For purposes of the Settlement and this Final Order, "Released Parties" as referenced herein and as released in the Settlement shall collectively mean: (i) Defendant, Zumiez, Inc.; (ii) each of Defendant's respective past, present and future parents, subsidiaries and affiliates including, without limitation, any corporation, limited liability company, partnership, trust, foundation and non-profit entity which controls, is controlled by, or is under common control with Defendant, Zumiez Inc.; (iii) the past, present and future shareholders, directors, officers, agents, employees, attorneys, insurers, members, partners, managers, contractors, agents, consultants, representatives, administrators, fiduciaries, benefit plans, transferees, predecessors, successors and assigns of any

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 2**

of the foregoing; and (iv) any individual or entity which could be jointly liable with any of the foregoing. The term "Action" shall mean this class and PAGA action.

3. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members ("Stipulation of Settlement").

4. Distribution of the Notice directed to the Class Members as set forth in the Stipulation of Settlement and the other matters set forth therein has been completed in conformity with the Preliminary Approval Order, including notice to all Class Members who could be identified through reasonable effort, is the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and this Final Order. The deadline for opting out or objecting was July 18, 2022. There was an adequate interval between notice and deadline to permit Class Members to choose what to do and act on their decision. 1 Class Members opted out, and 0 Class Members objected. The single class member who requested exclusion, Kevin Cannizzaro, shall be excluded from the settlement.

5. The Court hereby finds the Settlement was entered into in good faith. The Court further finds that the Settlement is fair, adequate, and reasonable and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23(e):

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 3**

    a. The Parties' settlement was reached through arm's-length bargaining between the parties. There has been no collusion between the parties in reaching the proposed settlement;

    b. The Parties' investigation and discovery have been sufficient to allow the court and counsel to act intelligently;

    c. Counsel for the Plaintiff are experienced in similar employment class action litigation and have previously settled similar class claims on behalf of employees claiming wage and hour violations. All counsel recommended approval of the Settlement;

    d. There were zero objectors and one request for exclusion;

    e. The participation rate was high Class Members will be mailed a check for their Settlement Share, which represents more than 99% of the Class;

    f. The Maximum Settlement Amount to be paid by Defendant pursuant to the Settlement equals $2,800,000. The consideration to be given to the Class Members under the terms of the Settlement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and adequate compensation for the Settlement of this action and release of the Released Claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the action

6. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non collusive arms length negotiations before a well-respected class action mediator.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 4**

The Court further finds that the Parties have conducted extensive investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds that the Class is properly certified as a class for settlement purposes only.

7. As of the date of entry of this Final Order, all Released Claims (as defined in the Stipulation and set forth below) of each and every Class Member is and shall be deemed to be conclusively released as against the Released Parties. As of the date of this Final Order, the Class Representative and each and every Class Member who has not submitted a valid Request for Exclusion is hereby released and forever barred and enjoined from prosecuting the Released Claims, except as to such rights or claims as may be created by the Settlement, against Defendant and the Released Parties from all claims alleged in the Action and that reasonably could have been alleged in the Action based on the factual allegations contained in the operative complaint in the Action and any amendments thereto, as to the Class Members, including but not limited to : (1) all claims for alleged failure to pay reporting time pay under 8 CCR § 11070(5); Labor Code § 558; (2) failure to pay minimum wage under Labor Code §§ 1182.11, 1182.12, 1194, 1194, 1194.2, 1197, and Industrial Welfare Commission ("IWC" Order No. 5-2001); (3) failure to maintain required business records under Labor Code §§ 1174, 1174.5, and the applicable Wage Order; (4) failure to provide accurate and itemized wage statements under Labor Code §§ 226, 226.3; (5) failure to pay all wages earned upon termination under Labor Code §§ 200-203; (6) failure to reimburse business expenses under Labor Code § 2802; (7) violation of Business & Professions Code

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 5**

section 17200 et seq. including, but not limited to, all claims for unfair, unlawful and harmful conduct to class members, the general public and Defendant's competitors and claims of unlawfully gaining an unfair advantage over other businesses; and (8) PAGA claims for civil penalties due to any Labor Code violations by Defendant including, but not limited to, Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2800 and 2802, and Industrial Welfare Commission Wage Order No. 7-2001; (9) interest; and (10) attorneys' fees and costs (collectively "Released Claims"). In addition, as of the date of this Final Order, the Class Representative and the Settlement Class, and each member of the Settlement Class who has not submitted a valid Request for Exclusion, is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties for any period from August 1, 2012 through June 3, 2016, arising from the Released Claims.

8. Neither the Settlement nor any of the terms set forth in the Stipulation is an admission by Defendant, or any of the other Released Parties, nor is this Final Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant, or any of the other Released Parties. Neither this Final Order, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as, an admission by or against Defendant, or any of the other Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation of Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, or any of the other Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 6**

than to enforce the provisions of this Final Order, the Stipulation, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Final Order, the Stipulation, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9. The Court hereby enters judgment in the entire Action as of the filing date of this Final Order, pursuant to the terms set forth in the Stipulation. Without affecting the finality of this Final Order in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders entered in connection therewith.

10. The Court finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all of the circumstances. The Court orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

11. The Court hereby confirms Marlin & Saltzman as Class Counsel in the Action.

12. The Court finds the attorneys' fees request of thirty-three percent of the common fund to be appropriate compensation for Class Counsel. The attorneys' fees request is within the range that has been approved by other Courts in similar cases and reasonable in light of the circumstances of this case, the substantial and beneficial results obtained on behalf of the Class, and the contingent nature of the recovery over the course of this Action, which included potential loss at summary judgment, certification, and/or trial proceedings. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys'

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 7**

fees in the amount of $933,333.33, and attorneys' costs in the amount of $18,023.80 from the Maximum Settlement Amount as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Settlement, and made payable to and deposited into the bank accounts of Class Counsel in the Action. The allocation and distribution of the Court-awarded attorneys' fees and costs is subject to a separate arrangement and agreement between Class Counsel.

13. The Court also hereby approves and orders an Enhancement Award to Plaintiff and Class Representative Alexia Herrera in the amount of $25,500 from the Maximum Settlement Amount.

14. The Agreement provides for a PAGA Payment of $100,000, which is allocated 75% to the LWDA and 25% to the Class Members as part of the Net Settlement Amount, which the Court finds to be reasonable. The Court also hereby approves and orders payment in the amount of $75,000.00 from the Maximum Settlement Amount for PAGA penalties, payable to the California Labor Workforce Development Agency.

15. The Court also hereby approves and orders payment from the Maximum Settlement Amount for actual claims administration expenses incurred by the Claims Administrator in the amount of $30,000.

16. The Court also hereby approves and orders that any residue from uncashed Settlement Award checks after the expiration date will be paid out to the State of California Unclaimed Wages Fund. If for any reason the State of California Unclaimed Wages Fund is unable to accept the unclaimed funds, the parties shall agree upon a Cy Pres recipient subject to Court approval.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 8**

17. The Court also hereby finds and orders that the Settlement is and constitutes a fair, adequate, and reasonable compromise of the Released Claims against Defendant and the Released Parties.

18. Provided the Settlement becomes effective under the terms of the Stipulation, the Court also hereby orders that the deadline for mailing the Court-approved Settlement Awards, attorneys' fees and costs, and Enhancement Awards is as set forth in the Implementation Schedule within the Preliminary Approval Order.

19. The Court also hereby finds that there were no objections to the Settlement raised by any person on the record at the hearing on the Final Order.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 2nd day of August 2022.

*[signature: Stanley A. Bastian]*

Stanley A. Bastian
United States District Judge

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEESS, COSTS, AND INCENTIVE AWARD # 9**